Violet GOODMAN, Appellant,

v.

NORMAN BANK OF COMMERCE,
Appellee.

No. 48296.

Court of Appeals of Oklahoma,
Division No. 1.

April 20, 1976.

As Amended on Denial of Rehearing
May 18, 1976.

Certiorari Denied June 18, 1976.

Released for Publication by Order of Court
of Appeals June 24, 1976.

Monnet, Hayes, Bullis, Thompson & Edwards, by John T. Edwards, Oklahoma City, for appellant.

Heiple Law Offices, Inc., by H. L. Heiple, Norman, for appellee.

ROMANG, Judge:

This appeal is from an order sustaining a demurrer to the petition as amended, and dismissing the action after plaintiff elected to stand on her petition.

The facts as stated by plaintiff, are as follows:

"On November 1, 1973, Grady Prichard executed and delivered to the Federal National Bank of Shawnee a check in the amount of $7,737.68 drawn on his account in Norman Bank of Commerce.

"The check was sent through the Federal Reserve Bank clearing house and was presented for payment November 6, 1973. On November 7, 1973, the check was returned stamped with the notation 'insufficient funds.' The Federal National Bank of Shawnee subsequently re-presented the check for payment through Federal National Bank as a clearing house November 14, 1973. On November 19, 1973, the check was dishonored by the Norman Bank of Commerce with the notation 'insufficient funds'.

"Prichard had given the check to Federal National Bank of Shawnee as payment on a note to that Bank on which plaintiff, Violet Goodman, was a guarantor. . . . . the Federal National Bank of Shawnee demanded and received payment from Violet Goodman, and in turn, assigned her all its rights in the check and any right of action to enforce payment against the Norman Bank of Commerce. Mrs. Goodman filed this action November 21, 1974."

The Journal Entry of Judgment reads in pertinent part:

"IT IS ORDERED THAT 12A O.S.A. 3–511(4) should be and is construed to mean notice of dishonor of a re-presented draft which was previously dishonored is excused, such construction is consistent with the notice stamped on the face of the draft which protects innocent

persons from subsequent injury thereby and 12A O.S.A. 3–104(2)(a) and (b) are construed to mean checks or drafts and 3–511(4) is applicable to the check upon which this action is based . . . ."

We shall assume, without deciding, that plaintiff is a proper party for bringing this action.

The issue on this appeal as stated by plaintiff, is as follows:

"Is a bank excused from accepting or dishonoring a check before the 'midnight deadline' required by the Uniform Commercial Code (12A O.S.A. § 4–302) when such check has previously been presented for payment and dishonored by reason of insufficient funds?"

Statutory provisions relating to the issue herein, are found under Title 12A of the Oklahoma Statutes of 1971, and are as follows:

 *    *    *    *    *    *

§ 4–105. "In this Article unless context otherwise requires:

 *    *    *    *    *    *

"(b) 'Payor Bank' means any bank by which an item is payable as drawn or accepted;"

§ 3–104. "(2) A writing which complies with the requirements of this section is

"(a) a 'draft' ('bill of exchange') if it is an order;

"(b) a 'check' if it is a draft drawn on a bank and payable on demand;"

§ 4–302. "In the absence of a valid defense such as breach of a presentment warranty *(subsection (1) of Section 4–207)*, settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of

"(a) a demand item other than a documentary draft whether properly payable or not if the bank, in any case where it is not also the depositary bank, retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of wheth-

er it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline;"

§ 4–104. "(1) In this Article unless the context otherwise requires

 *    *    *    *    *    *

"(h) 'Midnight deadline' with respect to a bank is midnight on its next banking day following the banking day on which it receives the relevant item or notice or from which the time for taking action commences to run, whichever is later;"

§ 3–511. "(4) Where a draft has been dishonored by nonacceptance a later presentment for payment and any notice of dishonor and protest for nonpayment are excused unless in the meantime the instrument has been accepted."

In the instant action, plaintiff is seeking to hold the payor bank liable because it did not dishonor the check by the midnight deadline upon it being presented a second time for payment.

In *Leaderbrand v. Central State Bank of Wichita*, 202 Kan. 450, 450 P.2d 1 (Kan. 1969), the Kansas Supreme Court dealt with a similar fact situation and similar statutory provisions. In the opinion the court said:

"A study of the various sections of the Uniform Commercial Code adopted by Kansas as they relate to the facts in this case, and in particular sections 84–4–301 (3), 84–3–511(4) and 84–1–203, supra, discloses a statutory scheme designed to impose a duty upon the payor bank, where a check is presented for payment and the drawer has insufficient funds on deposit to cover the item, to give timely notice of dishonor to the party presenting the check for payment just once. Such notice of dishonor fixes the time at which the item is dishonored by the payor bank as to the party presenting such item, and subsequent presentment of the item for collection, where the drawer still has insufficient funds on deposit to cover the item, does not require an addi-

tional notice of dishonor by the payor bank to such party. Under these circumstances any further notice of dishonor is excused.

\*     \*     \*     \*     \*     \*

"The sanction imposed by the provisions of section 84-4-302, supra, were designed to compel compliance with the statutory duties imposed upon the payor bank, but once these duties have been discharged by the payor bank the statutory scheme which emphasizes the importance of speed in the collection process, and the prompt settlement of such items because of the chain of credit dependent thereon has been fulfilled, and the reason for the sanction imposed dissipates. It was not the intention of the legislature to arbitrarily impose liability upon the payor bank under the facts and circumstances here confronting the court."

It is the conclusion of this court that once a check has been timely dishonored because of insufficient funds in the account on which it is drawn, a subsequent presentment for payment while the account remains insufficient, does not require an additional notice of dishonor by the payor bank.

AFFIRMED.

BOX, J., concurs.