Violet GOODMAN, Appellant,

v.

NORMAN BANK OF COMMERCE,
Appellee.

No. 50044.

Supreme Court of Oklahoma.

June 7, 1977.

Monnet, Hayes, Bullis, Thompson & Edwards by John T. Edwards, Oklahoma City, for appellant.

H. L. Heiple, Norman, for appellee.

DAVISON, Justice:

In November, 1974, appellant, Violet Goodman, filed an action against appellee, Norman Bank of Commerce, Ms. Goodman, who had been assigned all payee rights in a check written on the Norman Bank, sought to recover the face value of the check because of the Bank's failure to accept or

dishonor the check before its midnight deadline thus being liable for the full face amount of the check under the provisions of 12A O.S.1971 § 4–302.

The trial court sustained appellee Bank's demurrer to Ms. Goodman's amended petition. The trial court's action was affirmed by the Court of Appeals, Division 1, in *Goodman v. Norman Bank of Commerce*, Okl.App., 551 P.2d 661 (1976) (certiorari denied by this court on June 18, 1976). Thereafter, the Bank asked for and the trial court awarded an attorney fee against appellant.

■ The sole question presented in this appeal is whether the trial court erred in awarding the appellee Bank attorney fees. As a general rule, a trial court is without authority to award attorney fees unless a right to such fees exists by virtue of contract or statute. See, e. g., *Keel v. Convey*, 206 Okl. 128, 241 P.2d 954 (1952); *Wilson v. Hecht*, Okl., 370 P.2d 28 (1962); and *Oklahoma City Urban Renewal Authority v. Lindauer*, Okl., 534 P.2d 682 (1975). Although there are exceptions to this rule, no basis for an exception is present, thus, the trial court's authority to award an attorney fee must be based upon a contractual or statutory right. There being no contractual right to a fee under the facts before us, the court's power to award attorney fees must be based upon statute.

■ Appellee Bank argues that the action brought by Ms. Goodman was an action to recover on a negotiable instrument, thus the prevailing party in the action is entitled to an attorney fee by virtue of the provisions of 12 O.S.1971 § 936.[1]

Conversely, appellant argues that the suit is not one to recover on a negotiable instrument, but is one brought for the mishandling of a negotiable instrument by the payor Bank—the Bank, under the provi-

---

1. 12 O.S.1971 § 936 provides:

   "*In any civil action to recover on* an open account, a statement of account, account stated, note, bill, *negotiable instrument*, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." [Emphasis added]

sions of 12A O.S.1971 § 4–302, being liable for the full face amount of the check mishandled, regardless of whether the check was properly payable or not.

Title 12A O.S.1971 § 4–302 provides:

"In the absence of a valid defense such as breach of a presentment warranty (subsection (1) of Section 4–207), settlement effected or the like, *if an item is presented on and received by a payor bank the bank is accountable for the amount of*

(a) *a demand item* other than a documentary draft *whether properly payable or not if the bank,* in any case where it is not also the depositary bank, *retains the item beyond midnight of the banking day of receipt without settling for it or, regardless of whether it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline ;* or

(b) any other properly payable item unless within the time allowed for acceptance or payment of that item the bank either accepts or pays the item or returns it and accompanying documents." [Emphasis added]

In support of her argument that the action was not an action to recover on a negotiable instrument, appellant cites *Security Bank & Trust Co. v. Fed. Nat'l Bank*, Okl.App., 554 P.2d 119, 125 (1976) (Certiorari denied by this Court June 19, 1976). In that case, the Court of Appeals, Division 2, stated:

"* * * As we view this lawsuit, it is a suit to recover for failure to validly dishonor a check, and as such, is not a suit to recover on the instrument itself. * * * Also, the essence of appellee's petition is that it presented the checks for payment to appellant and appellant 'retained the said items beyond midnight of the banking date of receipt without settling for them, or returning said items or sending notice of dishonor until after its midnight deadline.' It is true the amount of damages sought is the amount of the check, which is the amount a payor bank is accountable for under 12A O.S.1971 § 4–302; however, it still is not a suit to recover on the check, but is to recover damages for the wrongful manner in which the check was allegedly handled by appellant. * * * We therefore conclude the trial court erred in finding the action was within § 936 . . . .'"

The action brought by Ms. Goodman, as demonstrated by the amended petition filed in that action was based upon the Bank's mishandling of the check. The amended petition provided in part:

"The failure of defendant, Norman Bank of Commerce, to pay said check when presented November 14, 1973, or to dishonor it before midnight of the next banking day as provided by law renders said Bank accountable to plaintiff by reason of which plaintiff is entitled to judgment against defendant. . . ."

Both the allegations in Ms. Goodman's petition and in her amended petition clearly demonstrate her cause of action against the Bank is based upon the Bank's failure to meet its midnight deadline—based upon the Bank's mishandling of the check, and is not a suit on the check itself. Like the Court of Appeals, we hold that an action based upon a Bank's failure to meet its midnight deadline is not an action on an instrument itself. In so holding, we note that a payor bank is liable for its failure to meet the deadline, regardless of whether the instrument was properly payable to begin with, and regardless of whether there are any actual damages shown.[2] Thus, a bank's liability for

---

2. See *Farmers Coop. Livestock Mkt. v. Second Nat. Bank*, Ky., 427 S.W.2d 247 (1968), in which the court held that a payor bank which failed to pay or return a check before its midnight deadline was liable for the face value of the check, despite the lack of any showing of loss due to the Bank's delay. In so holding, the court stated:

"A realistic reading of this statute compels the conclusion that failure to meet the midnight deadline authorizes the person presenting the check to assume it has been honored and will be paid. Banking practices require the prompt settlement of such items because of the chain of credit dependent thereon.

delaying beyond its midnight deadline is quite different from its liability on an instrument itself—the Bank's liability is different and the theory giving rise to its liability is different. Therefore, we view an action brought because of a bank's failure to meet its midnight deadline as separate and distinct from an action on an instrument itself. Accordingly, we hold that the provisions of 12 O.S.1971 § 936 are inapplicable, and attorney fees are not awardable under that statute in an action based upon a bank's failure to meet its midnight deadline.

For the above stated reasons, we reverse the action of the trial court insofar as it awarded attorney fees to appellee Bank. In awarding costs, the trial court did not specifically designate how much of the costs awarded was for attorney fees, but rather included attorney fees, discovery costs and general fees in one lump sum. Because of this, we remand this case to the trial court instructing it to eliminate the attorney fees from the total amount awarded as costs and to award the cost of this appeal to appellant.

REVERSED AND REMANDED.

All the Justices concur.

We think the question of accountability was properly decided in *Rock Island Auction Sales v. Empire Packing Co.*, 32 Ill.2d 269, 204 N.E.2d 721 (1965). * * * A check payable to the plaintiff was deposited in a collecting bank and sent to the defendant payor bank. Because the drawer's balance was inadequate, the defendant bank held the check five days upon assurance that additional funds would be deposited. This did not transpire and the check was returned. The plaintiff payee of the check brought the suit (as here). The argument was made that the defendant bank was only liable in damages for the actual loss sustained by the plaintiff as a result of the failure to meet the deadline. It was held the statute imposed liability for the full face amount of the item without proof of damages."