Mary Ann PUCKETT, Appellee,

v.

SOUTHEAST PLAZA BANK, a domestic banking corporation, Appellant.

No. 52044.

Court of Appeals of Oklahoma, Division No. 2.

April 29, 1980.

Rehearing Denied May 19, 1980.

Certiorari Denied June 30, 1980.

Released for Publication by Order of Court of Appeals July 3, 1980.

Don Hamilton, Hamilton & Lambert, Oklahoma City, for appellee.

Charles C. Yon, Yon, Yon & Brooks, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

This action, by Mary Puckett (formerly Mary Smith), one of two payees on a fire loss draft, is against the payor bank to recover damages after the bank wrongfully paid the total proceeds of the instrument to the other joint payee without requiring the signature of the plaintiff. She was awarded a judgment for the requested sum, and the defendant, Southeast Plaza Bank, appeals claiming the adjudication ought to be reversed for two reasons: (1) there exists a defect of parties, "plaintiff or defendant;" and (2) the award of attorney's fees to plaintiff payable by defendant was improper.

I

On October 18, 1975 Puckett conveyed a house and lot in Oklahoma City to Clem Pierce, Jr., and Victoria Mae Pierce. The Pierces received a policy of fire insurance on the property from Allstate Insurance Company which contained a loss payable

clause in favor of Puckett as lienholder. Later, on January 2, 1976, a loss was sustained and in settlement of the ensuing claim Allstate made out a draft for $2,696.46 payable to Clem Pierce, Jr., and Mary Smith on January 30, 1976 and mailed it to Clem Pierce. The next day he took the check to the defendant bank where, in the company of some woman other than Puckett, he presented it for payment. Two signatures appeared on the reverse side of the instrument purporting to be those of both payees so the bank cashier handed Pierce the money. Nearly a year later Puckett filed this action alleging that she was entitled to the entire fire loss proceeds under the terms of the insurance policy. She sought recovery of the amount of the draft from the bank on the theory that it had paid to Pierce what was rightfully hers and it did so on the basis of a forged endorsement.

The principle defense offered by the bank in the trial court, and the only one argued here, is that there is "a defect of parties, plaintiff or defendant, and under 12 O.S. § 267, plaintiff's petition does not state a cause of action." It is not clear what party the bank wanted joined because it never says so specifically in its brief. One statement the bank made, however, permits an inference that it thinks Clem Pierce, Jr., is an indispensable party. Says the bank, "The [p]laintiff, for some reason, did not want to make the joint payee, Clem Pierce, Jr., a party to the lawsuit, nor did she want to make a formal charge against him at the District Attorney's Office."

## II

■ The bank's first contention is not sound. The court "may determine any controversy between [the] parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the

controversy cannot be had without the presence of other parties, the court must order them to be brought in." 12 O.S.1971 § 236. So the core question is whether Clem Pierce was an indispensable party to the lawsuit. We hold that he was not.

Puckett sought damages she sustained as a result of the bank's complicity in the wrongful deprivation of her rights as a named payee of the draft. The bank admitted, in effect, that it paid all the proceeds of the check to Clem Pierce based on a forged endorsement of Puckett's name.[1] Hence the only issue was the extent of her damage—that is, the value of her interest in the draft proceeds. This issue the court could resolve without "prejudice to the rights of" Pierce or the bank. The latter, as a matter of fact, stipulated that at the time the draft amount of $2,696.46 was paid to Pierce there was owing to Puckett under the contract for deed a balance of $5,850. Thus all that remained to be determined was whether Puckett was entitled to such loss proceeds up to the $5,850 figure.

■ A contract for deed to real property is statutorily deemed to be a mortgage.[2] The insurance policy issued by Allstate Insurance Company contained a loss payable clause in favor of the mortgagee who in this instance was Puckett. Under these circumstances the mortgagee is entitled to the proceeds of the policy to the extent of the mortgage debt.[3] Since the face amount of the draft was less than the balance due on Pierce's obligation to Puckett the trial court's judgment in favor of Puckett for $2,696.46 was correct.

## III

■ The bank's other contention—that the attorney's fees award was inappropriate—has merit. Generally, attorney's fees may not be awarded unless authorized by contract or statute.[4] Puckett recognizes

---

1. At that time it was Mary Smith. Later plaintiff married a man named Puckett.

2. 16 O.S.Supp.1976 § 11A.

3. *Savings Building & Loan Ass'n. v. Seaman-Packard Lumber Co.,* 170 Okl. 331, 40 P.2d 660 (1935).

4. *Goodman v. Norman Bank of Commerce,* Okl., 565 P.2d 372 (1977).

**464**

this but says 12 O.S.1971 § 936 authorizes the award of attorney's fees to the prevailing party in a civil action seeking recovery on, among other things, a negotiable instrument.

Trouble is this is not a suit on the negotiable instrument itself. It is a tort action to recover damages equal to the face amount of the draft–a ground not contemplated by § 936.[5]

The judgment is modified by striking the allowance of attorney's fees to plaintiff and in all other respects is affirmed.

BACON and NEPTUNE, JJ., concur.

5. *Security Bank & Trust Co. v. Fed. Nat'l. Bank & Trust Co. of Shawnee*, Okl.Ct.App., 554 P.2d 119 (1976).