Laura **BROADWATER**, Appellee,

v.

Sheryl **COURTNEY**, Appellant.

No. 70152.

Supreme Court of Oklahoma.

April 23, 1991.

---

Jim D. Shofner, Tulsa, for appellant.

Brewster Shallcross and Risley, Richard A. Shallcross, Tulsa, for appellee.

SIMMS, Justice:

Plaintiff/appellant, a Tulsa realtor, showed a house to a prospective buyer and his son. The house was to be purchased through HUD and the realtor commission paid by HUD. Upon representations of the buyer's son, plaintiff made preparations on behalf of the buyer to make an offer to HUD for the house.

Thereafter the buyer's son phoned the defendant/appellee, also a Tulsa realtor, informed her that plaintiff had shown the buyer and him the house, that plaintiff was in preparation to make an offer, and asked what kind of deal defendant could make. Defendant assured the son that she could do a better job than plaintiff, that plaintiff was not as experienced as she was, and she could make the offer at a better price.

Subsequently, defendant prepared the offer, which buyer approved, and completed the purchase on behalf of the buyer through that offer to HUD. Defendant received the commission on the sale from HUD in the amount of $1400. After learning of the completed transaction from the son, plaintiff filed this suit claiming interference with contractual relations for the $1400 commission and $5000 in punitive damages.

After amending the claim at pre-trial hearing to state the cause of action as

interference with contract negotiations, the case went to trial where plaintiff and her witnesses testified to the above stated facts. At the close of plaintiffs evidence, the trial judge sustained defendant's demurrer and entered judgment for defendant. Defendant filed an application for attorney fees pursuant to 23 O.S.Supp. 1986, § 103,[1] and 12 O.S.Supp.1986, § 2011.[2]

The trial judge denied the application at hearing, stating specifically that "I don't find that it [the action] was frivolous, malicious or anything of that nature. And I think making those conclusions Mr. Shallcross, although you spent a lot of time and you did a lot of good research in this case, I don't find title 23 section 103 'to be applicable under those conditions.'" He further stated, "I don't believe that [sustaining] of a demurrer is automatically a finding that the [plaintiff's] case was totally without foundation, not well grounded in fact, or was unwarranted by law, or was in bad faith."

Based upon its review of the record, the Court of Appeals held that denial of attorney fees to defendant was an abuse of the trial court's discretion. The appeals court concluded that certain facts could have been discovered with due diligence by plaintiff and further that the cause of action was frivolous, not recognized in case law, and lacking factual foundation that might allow extension or modification of existing law. Additionally, the Court of Appeals imposed costs and attorney fees against plaintiff's attorney finding that his conduct in this litigation fell within the scope of sanctions set forth in 23 O.S.Supp.1986, § 103, and 12 O.S.Supp.1986, § 2011. Using the abuse of discretion standard of review, we find no error in the trial court's judgment denying defendant's application for attorney fees. We vacate the Court of Appeals opinion and affirm the order of the trial court.

■ Sustaining a demurrer to the evidence does not mean that the trial court found the lawsuit not well grounded in fact; only that the evidence presented does not create a prima facie case of the theory of law upon which the claim is based. *Ionic Petroleum Ltd. v. Third Finance Corp.*, 411 P.2d 492 (Okla.1966). In cases where abuse of discretion is raised, the discretionary act will be reviewed and if abuse is involved, the abuse will be corrected. *Puckett v. Cook*, 586 P.2d 721 (Okla.1978). To reverse a trial court under abuse of discretion, it must be found that the trial judge made a clearly erroneous conclusion and judgment, against reason and evidence. *Abel v. Tisdale*, 619 P.2d 608, 612 (Okla. 1980). Thus, the important focus of review for abuse of discretion is the actual review by the trial judge of pleadings and of the evidence presented.

1. **23 O.S.Supp.1986, § 103. Actions asserted in bad faith–Reimbursement by non-prevailing party of costs and fees.**

   In any action for damages for personal injury except injury resulting in death, or in any action for damages to personal rights the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in bad faith was not well grounded in fact, or was unwarranted by existing law. Upon so finding, the court shall enter a judgment ordering such non-prevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorneys fees, incurred with respect to such claim or defense.

2. **12 O.S.Supp.1986, § 2011, provided in part:**

   [t]he signature of an attorney or party constitutes a certificate by him that he had read the pleading, motion, or other paper; that to the best of his knowledge ... and ... after reasonable inquiry it is *well grounded in fact, warranted by existing law, or good faith argument for extension modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause delay or needless increase in cost or litigation* ... if signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. (emphasis added).

■ Upon defendant's application for attorney fees, the trial court reviewed the pleadings, the trial record, and briefs on the application in view of § 103 and § 2011. The trial judge noted, in light of the amount in controversy, extensive discovery was unwarranted. The fact that plaintiff's burden of production had gone unmet came to light only after the close of her case.

The trial judge considered the grounds for award of attorney fees under § 103, § 2011, and concluded specifically none existed. Since the trial judge's conclusions are supported by the record of proceedings, his judgment cannot be held to be an abuse of discretion.

It is unnecessary in this case to discuss the viability of a cause of action in tort for interference with the contractual relation of another.

COURT OF APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.