Donna G. BORST (formerly Hoelscher), Appellee,

v.

BRIGHT MORTGAGE COMPANY and the Resolution Trust Corporation, as Receiver for Bright Banc Savings Association, Appellants.

No. 69795.

Supreme Court of Oklahoma.

Nov. 26, 1991.

Rehearing Denied Feb. 11, 1992.

Jack C. Dawson, Clell I. Cunningham III, James A. Scimeca, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, for appellee.

Jay B. Williams, James M. McCoy, Jones, Blaney & Williams, Oklahoma City, for appellants.

LAVENDER, Justice.

The question presented is whether 12 O.S.1981 § 936 provides a statutory basis for awarding attorney fees to the prevailing party in an action for cancellation of a note brought pursuant to 15 O.S.1981 § 239. We hold 12 O.S.1981 § 936 does not anticipate such an action and, therefore, does not provide a statutory right to attorney fees.

### FACTS

In May, 1982, Appellee obtained a loan from Trinity Savings & Loan Association in order to purchase a home. The note issued shows Appellee would pay interest at 10.-875 per cent. Appellants argued at trial that the loan was in actuality an adjustable

rate mortgage with negative amortization and graduated payments. Simplified, this meant that while monthly payments were payable at one interest rate, the loan was accruing at another rate. In this instance, Borst's "accrual" rate of interest rate was supposedly fifteen per cent.[1]

In July 1982, the note was altered to reflect the fifteen per cent interest rate and Appellee's initials appeared by the change. The alteration was made without Borst's consent or knowledge. Appellee sued Trinity for breach of contract and fraud.

The trial court found in favor of Appellee holding the alteration was material and canceled the note under 15 O.S.1981 § 239. This section provides:

> The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act.

Finally, the trial court awarded Appellee attorney fees pursuant to 12 O.S.1981 § 936 finding the statute encompassed cancellation of a note.

Trinity, thereafter, appealed the trial court's order. The court of appeals upheld the trial court's determination that the alteration of the note was material, however, it reversed the award of attorney fees finding that "Borst's action was not to recover on the note according to its terms, but to invoke her remedy of cancellation." Both parties petitioned this court for certiorari. Borst requests reinstatement of the trial court's award of attorney fees. Trinity seeks a determination as to whether there was a material alteration such as would justify cancellation under 15 O.S.1981 § 239.

In *Goss v. Trinity Savings and Loan Association, et al.,*[2] a companion case to the one at bar, we recently held the unauthorized alteration in the mortgage note was material in that it changed the legal effect of the document. The same alteration occurred in Borst's note. Therefore, *Goss* is controlling on the issue of the materiality of the alteration and the remaining question is whether Appellee was entitled to attorney fees.

## ANALYSIS

We appreciate the significance of the question presented. The allowance of attorney fees can entail considerable sums of money and is an issue not to be considered lightly. Further, the rule "is well established that the right to costs and attorney fees did not exist at common law and therefore, any award must be based upon a statutory enactment."[3] From this basic premise, we consider the present proposition.

Appellee sought to have the note cancelled due to an intentional material alteration pursuant to 15 O.S.1981 § 239. As noted in *Goss*, this statute is punitive in nature and is meant to deter the type of action defined in the statute.

Appellee was not awarded attorney fees under § 239 as this section does not provide for them. Rather, appellee was awarded attorney fees under 12 O.S.1981 § 936. This section holds:

> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to (sic) the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

We are not persuaded that Appellee's action to cancel a note falls within the purview of § 936 as argued.

---

1. *See Goss v. Trinity Savings and Loan Association, et al.,* 813 P.2d 492 (Okl.1991).

2. *Id.*

3. *National Educators Life Insurance Company v. Apache Lanes, Inc.,* 555 P.2d 600, 601 (Okl.1976) (citations omitted).

Appellee cites to *Downing v. First Bank*,[4] as precedential support for the allocation of attorney fees. However, a precise reading of *Downing* holds otherwise. In *Downing*, a depositor brought a breach of contract action against the bank for wrongful payment on a certificate of deposit to a joint depositor. The bank paid the joint depositor although the certificate was not presented to the bank as required by the express contractual provisions of the certificate. The depositor prevailed and was awarded costs and attorney fees. We upheld the award, finding that the case comprised an action on a note as defined by § 936.

In the present case, however, Appellee sought to have the note cancelled due to an unauthorized alteration. The language of § 936 does not appear to us to embrace such action.[5] Indeed, the case at bar more closely resembles a previous case in which we reversed the award of attorney fees as an improper application of § 936. In *Goodman v. Norman Bank*,[6] we opined:

> Both the allegations in Ms. Goodman's petition and in her amended petition clearly demonstrate her cause of action against the Bank is based upon the Bank's failure to meet its midnight deadline—based upon the Bank's mishandling of the check, and is not a suit on the check itself.... [W]e hold that an action based upon a Bank's failure to meet its midnight deadline is not an action on an instrument itself. In so holding, we note that a payor bank is liable for its failure to meet the deadline, regardless of whether the instrument was properly payable to begin with, and regardless of whether there are any actual damages shown. Thus, a bank's liability for delaying beyond its midnight deadline is quite different from its liability on an

instrument itself—the Bank's liability is different and the theory giving rise to its liability is different. Therefore, we view an action brought because of a bank's failure to meet its midnight deadline as separate and distinct from an action on an instrument itself. Accordingly, we hold that the provisions of 12 O.S.1871 § 936 are inapplicable, and attorney fees are not awardable under that statute in an action based upon a bank's failure to meet its midnight deadline.

Appellee argues this is unlike the present case which is factually distinguishable in that it was the note itself that was altered and for which cancellation was sought. However, it was Appellant's unauthorized alteration of the note not the note itself which created the liability. The distinguishing factor here as in other cases we have considered is whether the action is on the note or one related to the note.[7] We hold therefore, that 12 O.S.1981 § 936 does not allow for the award of attorney fees in an action for cancellation of a note due to an unauthorized alteration brought pursuant to 15 O.S.1981 § 239.

## CONCLUSION

For the reasons specified, the Court of Appeals' opinion is VACATED. The trial court's order as to the award of attorney fees is REVERSED.

SIMMS, DOOLIN, HARGRAVE, and ALMA WILSON, JJ., concur.

OPALA, C.J., HODGES, V.C.J., and KAUGER and SUMMERS, JJ., dissent.

---

**4.** 756 P.2d 1227 (Okl.1988).

**5.** While we offer no justification as to why the legislature would afford a successful litigant attorney fees for "recovering" on a note while denying them to one who succeeds in having a note "cancelled," the fact remains, the statute is not applicable. Appellee does not rely on any other statute in support of her claim for attorney fees. Our own independent research likewise finds no statute applicable to Appellee's cause of action.

**6.** 565 P.2d 372 (Okl.1977); *see also National Educators Life Insurance Company v. Apache Lanes, Inc.,* 555 P.2d 600 (Okl.1976).

**7.** *See* Lieber & Jones, *An Analysis of 12 O.S., § 936 (1981): An Attorney Fee to the Prevailing Party* 59 OBJ 3661 (1988).