**FEDERAL FINANCIAL CO.,**
**Plaintiff/Appellant/Counter–**
**Appellee,**

v.

**GRADY COUNTY, Oklahoma,**
**Defendant/Appellee/Counter–**
**Appellant.**[1]

**No. 92,211.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 13, 1999.

---

1.   According to 19 O.S.1991 § 4, Grady County should have been sued under the name "Board of County Commissioners of the County of Gra-dy."   However, this issue was not raised in the trial court, and we use the style used there.   *See* Okla.Sup.Ct.R. 1.25(b).

W. Rogers Abbott II, Oklahoma City, Oklahoma, For Plaintiff/Appellant/Counter–Appellee.

Michael R. Chaffin, Deborah A. Sterkel, Huckaby, Fleming, Frailey, Chafin, Cordell, Greenwood & Perryman LLP, Chickasha, Oklahoma, For Defendant/Appellee/Counter–Appellant.

## OPINION

ADAMS, Judge:

¶ 1 According to the undisputed facts revealed by the evidentiary material presented to the trial court, Grady County (County) obtained a judgment against several defendants including The New Bus Company, Inc. (Debtor) in August of 1991. The judgment foreclosed County's mortgage and security interest in certain of Debtor's land and equipment. Although the Bank of New England, N.A., had a properly perfected security interest in some of that equipment, County did not join that institution as a party defendant in its foreclosure action. After the judgment and before the foreclosure sale, the Federal Deposit Insurance Corporation (FDIC) declared Bank of New England insolvent and took over control of its assets as receiver. Subsequently, in 1992, County purchased the equipment in question at the foreclosure sale.[2]

¶ 2 Bank of New England's security interest was perfected in various pieces of equipment at various times, but all the financing statements were filed with the Grady County Clerk between January and June of 1988. No continuation statements were filed thereafter. On December 15, 1993, FDIC assigned the notes and security agreements which had been owned by Bank of New England to Federal Financial Co. (FFC). On December 5, 1995, County sold the equipment which was covered by FFC's security interest at public sale for approximately $120,000. FFC subsequently filed a notice of tort claim and then filed this action in April, 1997, after the claim was denied. The trial court granted County's motion for summary judgment but denied County's request for attorney fees. FFC filed this appeal, seeking reversal of the judgment in favor of County, and County filed a counter-appeal, contending it was entitled to attorney fees.

### FFC's Appeal

¶ 3 In addressing FFC's claim that summary adjudication was inappropriate, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and County was entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to FFC. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues

---

2. The relative priority of County's security interest and that owned by New England Bank is not clear on this record, but it is immaterial to the disposition of this case.

actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Company,* 1985 OK 25, 698 P.2d 17.

¶ 4 The are no disputed facts, and our decision must rest solely on answers to questions of law. County contends FFC has no claim because the perfection of the security interest assigned to FFC lapsed after County purchased the equipment and that security interest is therefore "deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse." 12A O.S.1991 § 9–403(2)[3]. As we understand its argument, FFC contends § 9–403(2) is inapplicable here for two reasons: (1) the foreclosure sale at which County purchased the equipment was of no effect because Bank of New England was not joined as a party, and (2) County could not acquire an interest in the equipment without the consent of the FDIC after it became the receiver for Bank of New England.

■ ¶ 5 As to FFC's first contention, County concedes that the foreclosure sale was ineffective to affect the security interest in the equipment which was initially perfected by Bank of New England. According to County, its ownership acquired at that sale was still subject to that security interest, and Bank of New England or its successors could have foreclosed that security interest *so long as it remained perfected.* Relying on *First Federal Savings and Loan Association, Chickasha, Oklahoma v. Nath,* 1992 OK 129, 839 P.2d 1336, FFC claims County acquired no interest as a result of that sale.

¶ 6 *Nath* does not support FFC's argument. The Court did not hold the first sale was void, only that it was ineffective to affect a county's tax lien when the county was not joined in the original foreclosure suit. The Court concluded that the "cloud" of the county's lien could not be removed through a quiet title action without another foreclosure and sale because to do so would deprive the county of its right to redeem the real property from the superior lien. None of those

factors are present here. FFC's security interest became unperfected in June of 1993 and was no longer a "lien" on the equipment with priority over County.

■ ¶ 7 FFC's second contention is based upon 12 U.S.C. § 1825(b)(2) which provides: "No property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any voluntary lien attach to the property of the [FDIC]." According to FFC, this means County could not purchase the collateral in which FDIC had a security interest. We disagree. The statute prohibits the sale of the "property" of FDIC. The equipment in question was not the property of FDIC. Its "property" was a security interest in that collateral, and as we have already noted, the foreclosure sale had no effect on that interest. It was the subsequent failure to file a continuation statement that caused the perfection of the security interest to lapse.

¶ 8 The undisputed facts are consistent only with the conclusion that County purchased the equipment subject to the then-perfected security interest originally granted to Bank of New England. When the effectiveness of that perfection lapsed, the holder of that security interest no longer had any more claim to the equipment than it would have had if County had purchased the equipment at a time when the security interest was unperfected. County was entitled to judgment as a matter of law, and the trial court's judgment in its favor is affirmed.

### County's Counter–Appeal

■ ¶ 9 County premised its attorney fee claim on 12 O.S.1991 § 936. As applicable here, § 936 requires an attorney fee award in favor of the prevailing party "[i]n any civil action *to recover on* a ... note, negotiable instrument, or contract relating to the purchase or sale of goods." (Emphasis added). According to County, attorney fees are allowed here because FFC's claims "arise from a financial transaction between the Bank of

---

**3.** According to this section "a filed financing statement is effective for a period of five (5) years from the date of filing." The effectiveness of the

financing statement lapses at the end of that period unless the creditor files a continuation statement before the period expires.

New England and The New Bus Company, which transactions [sic] involved negotiable instruments and security agreements . . . in connection with the purchase and financing of goods." The trial court found § 936 inapplicable, and we agree.

¶ 10 FFC's action was not an action to recover on a note or negotiable instrument. Certainly, this action was related to a note and a negotiable instrument, but that is not sufficient to invoke § 936. *See Borst v. Bright Mortgage Company,* 1991 OK 121, 824 P.2d 1102. Similarly, even if we were to conclude that a contract for the purpose of providing third-party financing for the purchase of goods was a "contract relating to the purchase or sale of goods," FFC's claim was

not one to "recover on" that contract. As argued by County in support of its summary judgment motion, County was not liable to FFC on that contract, and FFC's claims were in tort. The trial court's order denying County's attorney fee request is affirmed.

AFFIRMED

HANSEN, P.J., and JONES, C.J., concur.