2001 OK CIV APP 19

**CHRISTENSEN AVIATION, INC., Plaintiff,**

v.

**STATE BANK, N.A., Defendant/Appellee,**

v.

**Spirit Bank, N.A. and Liberty Bank & Trust Company of Tulsa, N.A., Cross–Defendants/Appellants.**

**No. 94,287.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Jan. 23, 2001.

---

4. At the time of trial, D.R. had suffered no side effects from the medication.

D. Richard Funk, CONNOR & WINTERS, Tulsa, Oklahoma, for Defendant/Appellee.

Kenneth E. Wagner, LATHAM, STALL, WAGNER, STEELE & LEHMAN, P.C., Tulsa, Oklahoma, for Cross–Defendants/Appellants.

RAPP, P.J:

¶ 1 The trial court cross-defendants, Spirit Bank, N.A. and Liberty Bank & Trust Company of Tulsa, N.A. (Banks) appeal the trial court's judgment awarding the trial court cross-plaintiff, State Bank (State) attorney fees.

## BACKGROUND

¶ 2 State was sued by its depositor for honoring forged checks. State filed a cross-petition against Banks on their transfer and presentment warranties under 12A O.S.1991, §§ 4–207, 4–208, because they had received the checks, paid them, and then presented them to State.

¶ 3 When State's customer recovered against State, State obtained summary judgment against Banks. An appeal followed which was settled, with the exception of State's claim for attorney fees. After the appeal was dismissed, the trial court considered State's claim for attorney fees and awarded a sum of $25,000.00. Banks now appeal and maintain that no authority, whether by contract or statute, exists for the award.[1] The issue here is whether the use of the term "expenses" in 12A O.S.1991, §§ 4–207, 4–208, includes attorney fees.

## STANDARD OF REVIEW

¶ 4 The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100, n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Rus-*

---

1. Banks, in their appellate Reply Brief conceded the remaining issue of whether the amount of fees awarded was reasonable. Banks have also not pursued their objections before the trial court to one component of the fees awarded.

*sell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 5 The only question here is whether the provisions of 12A O.S.1991, §§ 4–207, 4–208, authorize attorney fees because those statutes permit recovery of "expenses." State does not assert any independent premise for attorney fees such as another statute, a contract, or some exception from the "American Rule" which is applied in Oklahoma. All agree that the general rule in Oklahoma is that a contractual or statutory basis must exist in order to award an attorney fee as costs in litigation and that any exception premised on oppressive conduct or misconduct has no application here.[2]

¶ 6 Moreover, the American Rule is strictly applied by the Oklahoma Supreme Court. *Barnes v. Oklahoma Farm Bureau Mutual Ins. Co.,* 2000 OK 55, 11 P.3d 162; *Borst v. Bright Mtg. Co.,* 1991 OK 121, 824 P.2d 1102; *Federal Financial Co. v. Grady County, Oklahoma,* 1999 OK CIV APP 90, 988 P.2d 908. For example, in *Borst* the issue was whether a prevailing party in an action to cancel a negotiable instrument could recover fees under 12 O.S.1991, § 936. The Court distinguished an action to recover on a note, which authorized recovery of fees under the statute, from an action to cancel a note and denied fees in that case. *Borst v. Bright Mtg. Co.,* 824 P.2d at 1104, n. 5.

¶ 7 Similarly, attorney fees have not been allowed in actions to recover against a payor bank for wrongful payment of proceeds of a negotiable instrument and in a case for wrongful failure to dishonor a negotiable instrument. *Puckett v. Southeast Plaza Bank,* 1980 OK CIV APP 22, 620 P.2d 461 (wrong-

ful payment); *Security Bank & Trust Co. v. Federal Nat. Bank & Trust of Shawnee,* 1976 OK CIV APP 24, 554 P.2d 119 (failure to dishonor). The Court in *Security·Bank & Trust Co. v. Shawnee* also found no basis in the Uniform Commercial Code as then constituted to award attorney fees. *Id.* at 125.

¶ 8 Here, the relevant statutory sections state:

### Transfer Warranties

(c) A person to whom the warranties under subsection 9(a) of this section are made ... may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the item plus expenses and loss of interest incurred as a result of the breach.

12A O.S.1991 § 4–207(c)

### Presentment Warranties

(d) (ii) The person making payment may recover from any warrantor for breach of warranty an amount equal to the amount paid plus expenses and loss of interest resulting from the breach.

12A O.S.1991 § 4–208(d)(ii).

¶ 9 This Court holds that the foregoing statutory language does not include a provision for attorney fees. Given the historic disposition of attorney fee cases, State had to bring its claim for fees under the term "expenses" in order to prevail. State cannot accomplish this task for the following reasons.

¶ 10 First, the statutory language does not expressly provide for attorney fees as do other provisions in the Uniform Commercial Code (UCC). *See* 12A O.S.1991 §§ 2A–108(4), 4A–211(f), 4A–305(e), 4A–404(b). "A cardinal precept of statutory construction is that where a statute's language is

---

2. The Oklahoma Supreme Court has recently reaffirmed that the American Rule governs the right of a litigant to recover fees. *Barnes v. Oklahoma Farm Bureau Mutual Ins. Co.,* 2000 OK 55, ¶¶ 45–56, 11 P.3d 162, 178–82, wherein the Court ruled, at ¶ 46, as follows:

In Oklahoma, the right of a litigant to recover attorney fees is governed by the American Rule. *TRW/Reda Pump v. Brewington,* 1992 OK 31, 829 P.2d 15, 22. This Rule is firmly estab-

lished in Oklahoma [*Id.*] and provides that courts are without authority to award attorney fees in the absence of a specific statute or a contractual provision allowing the recovery of such fees, with certain exceptions. *Id.* This Court has ruled that exceptions to the American Rule are narrowly defined. *Kay v. Venezuelan Sun Oil Co.,* 1991 OK 16, 806 P.2d 648, 650.

plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretative devices to fabricate a different meaning." *In re Guardianship of Campbell*, 1966 OK 99, ¶ 13, 450 P.2d 203, 205. Had the Legislature wished to include attorney fees in either of the two statutes under review it could have done so, especially in light of numerous decisions strictly interpreting the right to recover attorney fees. *Riedel v. First Nat. Bank of Oregon*, 287 Or. 285, 598 P.2d 302, 304–05. Moreover, the Commentary to Sections 4–207 and 4–208 notes that the inclusion of expenses does not include attorney fees in light of Oklahoma's strict application of the American Rule. While not binding, Commentary provides useful assistance in interpretation of a statute. *Wilkerson Motor Co., Inc. v. Johnson*, 1978 OK 12, 580 P.2d 505.

¶ 11 Second, State presents a number of cases from other jurisdictions which authorize fees under statutes such as Sections 4–207 or 4–208. Included is a case involving Oklahoma's statute. In the case of *Guaranty Bank & Trust Co. v. Federal Reserve Bank of Kansas City*, 454 F.Supp. 488 (W.D.Okla.1977), the court authorized attorney fees as "expenses." However, the Third Circuit faced a similar task construing the identical provision in New Jersey's Uniform Commercial Code and concluded, based on New Jersey's "unhappy history with the practice of awarding attorneys' fees," and New Jersey's strict adherence to the American Rule regarding attorneys' fees, that Section 4–207(3) did not provide for attorneys' fees. *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 775–76 (3rd. Cir.1990).

¶ 12 Although a split of authority exists, represented on State's side mostly by older decisions, this Court finds it unnecessary to recite and evaluate the conflicting arguments advanced by the parties. Having thoroughly considered those arguments, this Court is persuaded, substantially for the reasons fully expressed in *McAdam*, that the term "expenses" cannot be read as allowing for the award of attorney fees and expenses in an action brought under 12A O.S.1991 §§ 4–207, 4–208. This conclusion is in accord not only with the strict philosophy repeatedly announced by the Oklahoma Supreme Court, but also the majority of other jurisdictions. *The Valley Hospital v. Juliano*, 280 N.J.Super. 517, 656 A.2d 16 (1995); *Bank of N.Y. v. Fleet Bank, N.A.*, 176 Misc.2d 21, 671 N.Y.S.2d 945, 947–48 (recognizing split of authority); *Riedel v. First Nat. Bank of Oregon*, 287 Or. 285, 598 P.2d 302, 304–05; Krinick, *Although Collecting Banks May Be Liable in Damages for Breaching Section 4–207's Transfer and Presentment Warranties, Recent Court Decisions Typically Find That They Do Not Have to Pay the Attorney's Fees of Other Collecting or Payor Banks That Bring Successful Suits or Claims Against Them*, 116 Banking Law Journal 557 (July–August, 1999).

¶ 13 The Oklahoma Supreme Court has refused to include attorney fees as "expenses" in another context.[3] The case of *Porter v. Tayer*, 1963 OK 176, ¶¶ 30, 32, 385 P.2d 808, 814, involved a contention by a holder of a tax deed that he was entitled to have the taxpayer-landowner tender as "expenses" his attorney fees and other personal expenses in obtaining the tax deed and in defending it. The statute there provided that when a landowner-taxpayer sought to set aside a tax deed that person must tender all "costs and expenses." 68 O.S.1961, § 455. The Court there held that the word "expense" did not include attorney fees as personal expenses of the holder of the tax deed in obtaining or defending the instrument.[4] *Porter v. Tayer*, at ¶ 35.

---

3. *Riedel v. First Nat. Bank of Oregon*, 287 Or. 285, 598 P.2d 302, 304–05, mentions an unpublished Oklahoma Supreme Court case, *Security Bank & Trust Co. of Miami, OK v. National Bank of Commerce of Tulsa*, 9 UCC Rep. Serv. 291, 1971 WL 17942 (1971).

4. In what may appear to be an anomalous situation, the court is permitted to award "reasonable expenses" as may be "just and proper" in divorce actions. 43 O.S. Supp.1999, § 110(C). In this context, "reasonable expenses" have been considered to include attorney fees as an exception to the American Rule. *O'Connor v. O'Connor*, 1991 OK CIV APP 41, 813 P.2d 544. The apparent conflict in result may be resolved on the basis that when the case involves a court in equity the term "expenses" has been given a more liberal interpretation. Here, the court does not sit as an equity court.

¶ 14 Last, the *Guaranty Bank & Trust Co. v. Federal Reserve Bank of Kansas City*, 454 F.Supp. 488 (W.D.Okla.1977), decision, relied upon by State, was subsequently revisited and the result re-analyzed in light of the Oklahoma Supreme Court's 1971 ruling in *Security Bank & Trust Co. of Miami, OK v. National Bank of Commerce of Tulsa*, 9 UCC Rep. Serv. 291, 1971 WL 17942 (1971), and changes to the UCC Commentary thereafter, in an officially unpublished decision made in the United States District Court for the Northern District of Oklahoma. *State Bank & Trust, N.A. v. First State Bank of Texas*, 39 UCC Rep. Serv.2d 191, 1999 WL 1023116 (E.D.Okla.1999).

¶ 15 In *Security Bank*, the Court's unpublished ruling granted certiorari for the specific purpose of ruling on the question of whether an attorney fee is included within the term "expense" as used in the 1961 version of UCC Section 4–207(3).[5] There the Court specifically held that attorneys fees were not included in the term "expense" as used in 12A O.S.1961, § 4–207(3). The Federal Court's analysis in *State Bank & Trust, N.A. v. First State Bank of Texas* followed.

> Turning to the counterclaim, the Court addresses State Bank's claim that attorney's fees are recoverable under Okla. Stat. Ann. tit. 12A 4–207(c)(1991) as expenses, which provides, in pertinent part:
>
>> (c) A person to whom the warranties under subsection (a) of this section are made and who took the item in good faith may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the item plus expenses. . . .
>
> The Oklahoma Supreme Court has never interpreted this provision in a published opinion. An unpublished opinion, *Security Bank & Trust Co. v. Nat'l Bank of Commerce of Tulsa*, 9 UCC Rep. Serv. 291 (Okla.1971), interpreting a 1962 version of the statute, held attorney's fees are not recoverable. The Comments contained in the 1962 Official Text of the UCC are

referenced by the Court as stating that the "expenses" referred to may be ordinary collection expenses and in appropriate cases could also include such expenses as attorney fee. Nevertheless, the Court found Oklahoma's adherence to the common law would not recognize an allowance of attorney's fees "in the absence of statute or specific contractual authority."

In 1977, the Honorable Ralph Thompson, sitting on the United States District Court for the Western District of Oklahoma, interpreted a later version of the same statute, to reach the opposite result and found an award of attorney's fees appropriate in *Guaranty Bank & Trust Co., v. Federal Reserve Bank of Kansas*, 454 F.Supp. 488 (W.D.Okla.1977). The Court cited the same language from the Comments as had been cited in the *Security Bank & Trust* case.

The current version of the statute is no longer followed by the Comments quoted/referenced by the above-cited cases. The current Comments, however, refer the reader to the Oklahoma and Official Comments to § 3–416 which state: "There is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the phrase 'expenses * * * incurred as a result of the breach.' The intention is to leave to other state law the issue as to when attorney's fees are recoverable." (Emphasis added.) Comments following § 4–207 are cautionary, discussing the affinity Oklahoma has for the American Rule that "probably will not be overcome simply by the use of the word 'expenses'."

The Court concludes that the changes to the Comments following the decision in Guaranty Bank lead to the conclusion that the Oklahoma Supreme Court would not find attorney's fees awardable under § 4–207. The distinction arises from the removal of the language authorizing the Court's discretion in awarding attorney's fees as expenses "in an appropriate case." Coupled with the removal of that language is the portion of § 3–416 (emphasized

---

5.   12A O.S.1961, § 4–207(3) concerned warranties of customers and collecting banks. The statute provided in part that damages "shall not exceed the consideration received by the customer ... plus finance charges and expenses related to the item, if any."

above), indicating the intent to allow other state law to be the Court's guide. There is no question in this Court's mind that attorney's fees are not recoverable under Okla. Stat. tit. 12 § 936 (1991) on the documentary drafts and in view of the reluctance of the Oklahoma court's (*sic*) to liberally interpret Oklahoma law to expand the award of attorney's fees to prevailing parties, this Court finds it unlikely that such extension will be granted under § 4–207.

*State Bank & Trust, N.A. v. First State Bank of Texas,* 1999 WL 1023116 at ¶ 4.[6]

¶ 16 This decision, and the underlying Oklahoma Supreme Court decision, while unpublished, and thus not precedent, nevertheless cannot be ignored. Thus, by way of explanation, this Court agrees with the analysis in *State Bank & Trust, N.A. v. First State Bank of Texas.* Moreover, this analysis reaches a result consistent with the strict application of the American Rule, which characterizes the decisions of the Oklahoma Supreme Court.

¶ 17 Therefore, the trial court erred in awarding attorney fees to State.

¶ 18 REVERSED.

¶ 19 TAYLOR, J., and COLBERT, J., concur.

---

**6.** This aspect of the ruling was affirmed by the Tenth Circuit Court of Appeals in an unpublished opinion. *State Bank & Trust v. First State Bank of Texas,* 2000 WL 1862690, Dec. 20, 2000, ¶ 13 (10th Cir.2000).