STATE ex rel. CALAN v. KEMP STONE, INC.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. CALAN v. KEMP STONE, INC.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. CALAN v. KEMP STONE, INC.
2018 OK CIV APP 41
418 P.3d 708
Case Number: 115380
Decided: 11/01/2017
Mandate Issued: 05/24/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 41, 418 P.3d 708

 

STATE OF OKLAHOMA ex rel.; JAYCEE CALAN; LUCILLE CALAN; KACE CALAN; JOHN E. KENDALL, JR.; JACQUELYNE KENDALL; DAVID F. HIEBERT, JR.; EDWINA C. HIEBERT; KATHRYN WEATHERBY; JAIME MILLS; and TRAVIS MILLS, Plaintiffs/Appellees,
v.
KEMP STONE, INC., Defendant/Appellant,
and
CITY OF MIAMI; RUDOLPH SCHULTZ; SCOTT TRUSSLER; TERRY ATKINSON; JOHN DALGARN; BRENT BRASSFIELD; DENNY CRETE, LLC; SCURLOCK INDUSTRIES OF MIAMI, INC.; TRI-STATE ASPHALT, INC.; NEECE CONCRETE CONSTRUCTION; TEETER'S PAVING, LLC; BELL CONTRACTING, INC.; APAC-CENTRAL, INC.; ANDERSON ENGINEERING, INC.; SERVICE SOLUTIONS, INC.; COLLINS CONSTRUCTION CO. OF MIAMI, INC.; BLEVINS ASPHALT CONSTRUCTION CO., INC.; T-G EXCAVATING, INC.; VANCE BROTHERS, INC.; JOHN DOES 1-20, other persons and/or entities who were awarded bids pursuant to the street project in excess of $50,000.00, Defendants.

APPEAL FROM THE DISTRICT COURT OF
OTTAWA COUNTY, OKLAHOMA

HONORABLE CARL GIBSON, TRIAL JUDGE

AFFIRMED

Zachary T. Barron, Bradford D. Barron, THE BARRON LAW FIRM, PLLC, Claremore, Oklahoma and
Kevin Dodson, DODSON LAW OFFICE, Pryor, Oklahoma, for Plaintiffs/Appellees

Bryan A. Rock, K. ELLIS RITCHIE, P.C., Pryor, Oklahoma, for Defendant/Appellant

KEITH RAPP, JUDGE:

¶1 The defendant, Kemp Stone, Inc. ("Kemp Stone") appeals an Order denying its request that attorney fees and costs be assessed against the plaintiffs, The State of Oklahoma ex rel. Jaycee Calan, Lucille Calan, Kace Calan, John E. Kendall, Jr., Jacquelyne Kendall, David F. Hiebert, Jr., Edwina C. Hiebert, Kathryn Weatherby, Jaime Mills, and Travis Mills (collectively "Taxpayers").

BACKGROUND

¶2 This appeal arises from a qui tam action brought by Taxpayers and their inclusion of Kemp Stone in their lawsuit.[1] Kemp Stone claimed that the lawsuit was frivolous as to Kemp Stone, thereby entitling it to attorney fees and costs.[2]

¶3 On September 26, 2011, the City of Miami, Oklahoma ("City") received a qui tam notice signed by ten persons (a sufficient number then) including Taxpayers. The notice complained that a City street project ("Project") funded by a sales tax was being unlawfully carried out. The basis of the claim was that the City took bids, used the bids as contracts, and paid out more than $50,000.00 to contractors. All of this was claimed to be in violation of the law concerning municipal contracts and competitive bidding statutes.

¶4 On November 23, 2011, the City filed a declaratory judgment action. Taxpayers intervened and added the qui tam action against City and named entities including Kemp Stone. The intervention petition contained detailed allegations regarding City's actions pertaining to the Project and the claimed unlawful acts by City's officials. The intervention petition alleged that the named entities received unspecified amounts of money from City for the Project and that such money should be repaid to City. The entities were not immediately served because City and Taxpayers engaged in mediation. The mediation was unsuccessful and City dismissed its declaratory judgment action before intervention was granted. Subsequent proceedings not relevant here culminated with Taxpayers filing this qui tam action.[3]

¶5 The qui tam petition recited the history of the intervention petition and alleged City's violations regarding the Project.[4] The petition named the entities, including Kemp Stone, and alleged:

In furtherance of the Street Project it [Kemp Stone] submitted and was awarded a construction bid in excess of $50,000. However, it failed to enter into [a] public construction contract with the City prior to performing working and/or providing materials. Despite this Kemp Stone, Inc. received at least $50,000 for performing work and/or providing materials

City filed its Answer.[5] The Answer admitted that Kemp Stone submitted a bid and performed work. City's Answer denied the remainder of the allegations about Kemp Stone.

¶6 Kemp Stone's Amended Answer[6] denied all allegations against it. Kemp Stone alleged that it did have a contract for all of its work and materials. However, Kemp Stone denied submitting a bid or being paid any money on the Project.

¶7 Kemp Stone submitted request for admission to City. In response, City admitted that Kemp Stone neither submitted a bid nor had a bid approved regarding the Project and that Kemp Stone did not have a contract pertaining to the Project.[7] Counsel for Kemp Stone wrote to counsel for Taxpayers a letter dated May 8, 2015, in which he advised of the receipt of City's discovery request submitted by Kemp Stone and enclosed a copy.[8] Counsel described the discovery response as establishing that Kemp Stone had nothing to do with the Project. He also advised that City's attorney stated that City would amend its Answer to conform to its discovery response about Kemp Stone. City did not file the amendment.

¶8 Kemp Stone filed a motion for summary judgment based upon its position that it was not a bidder/contractor on the Project.

¶9 Prior to the hearing on Kemp Stone's summary judgment motion, Taxpayers dismissed the action as to Kemp Stone. Kemp Stone then sought attorney fees and costs on the ground that Taxpayers brought a frivolous lawsuit against Kemp Stone because Kemp Stone never had anything to do with the Project that could be considered actionable.

¶10 Taxpayers defended on the basis that a reasonable investigation preceded the filing and that the investigation revealed the existence of a claim against Kemp Stone. The investigation included an interview with City's chief financial officer ("CFO"). Taxpayers' claims about City's acts were confirmed in an audit performed by the State of Oklahoma State Auditor and Inspector. Taxpayers further argued that events following the filing served to confirm the existence of a claim, citing such as the City's Answer and its failure to amend the Answer.

¶11 In summary, the trial court had the following sequence of events to consider when making its ruling regarding whether the action against Kemp Stone was frivolous.

Taxpayers' Demand, Record p. 1123. Dated September 26, 2011. Set out specific unlawful acts and demands recovery of funds expended by City, but does not name parties receiving funds.

Issues referred to State Auditor and Inspector who issued an audit report dated June 19, 2013, Record p. 1139. Auditor's findings were addressed to Taxpayers and to City. The Auditor found several improper actions relating to the Project consistent with Taxpayers' demands served on City, including "multiple examples of noncompliance with the Public Competitive Bid Act."[9]

Prior to filing the petition, counsel for Taxpayers interviewed CFO. Affidavit, Record, p. 1186.[10] According to counsel, CFO informed him that Kemp Stone was one of the Project contractors and was paid in excess of $50,000.00.

Taxpayers filed their petition on November 1, 2013, naming Kemp Stone as one contractor for the Project.

On January 6, 2016, Kemp Stone filed its answer generally alleging that it had nothing to do with Project or Taxpayers' claims.

On March 3, 2016, City filed its Answer where it admits that Kemp Store submitted a bid and performed work or provided materials for the Project.

On March 6, 2015, counsel for Kemp Stone transmitted a letter to counsel for Taxpayers that included recently received discovery responses from City where City admitted that Kemp Stone did not bid and was not an approved bidder on the Project.

City never amended its formal Answer, notwithstanding the statement from Kemp Stone's counsel that City would amend its Answer.

Taxpayers dismissed Kemp Stone on April 26, 2016.

¶12 The trial court ruled that taxpayers did not file a frivolous action and denied the attorney fees and costs request. Kemp Stone appeals.

STANDARD OF REVIEW

¶13 A trial court's denial of attorney fees that are requested based upon the opponent bringing a frivolous action is reviewed for abuse of discretion. Broadwater v. Courtney, 1991 OK 39, ¶ 6, 809 P.2d 1310, 1312. "A judgment will not be reversed based on a trial judge's ruling to admit or exclude evidence absent a clear abuse of discretion." Myers v. Missouri Pacific R.R. Co., 2002 OK 60, ¶36, 52 P.3d 1014, 1033. "A finding of abuse requires that the trial court made a clearly erroneous conclusion and judgment, against reason and evidence." Meadows v. Wal-Mart Stores, Inc., 2001 OK 25, ¶ 5, 21 P.3d 48, 50-51 (citations omitted).

¶14 The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100 n.1.

ANALYSIS AND REVIEW

¶15 Kemp Stone asserted several statutory grounds for its fee claim, but withdrew all but the claim that Taxpayers filed a frivolous lawsuit. In this case, two statutes provide for fees in case of a frivolous claim. The general statute is 12 O.S.2011, § 2011, and the specific statute is part of the qui tam statute, 62 O.S.2011, § 373. The latter, being the specific statute controls.[11] Jones v. State ex rel. Office of Juvenile Affairs, 2011 OK 105, 268 P.3d 72.

¶16 Section 373 is a statutory exception to the American Rule regarding attorney fees. Therefore, as an exception, the Court strictly construes its provision for attorney fees. In Beard v. Richards, 1991 OK 117, 820 P.2d 812, the Court defined the fees for a bad faith injury claim or defense statute, 23 O.S.2011, § 103, to be an exception to the American Rule and, therefore, strictly construed. Eagle Bluff, L.L.C. v. Taylor, 2010 OK 47, ¶ 16, 237 P.3d 173, 179, is an example of strict construction. There, the Court distinguished discretionary transfers from Small Claims Court from mandatory transfers from Small Claims court. Under the statutes only the former had provision for attorney fees. Therefore, attorney fees were not allowed for a mandatory transfer. Another example is Borst v. Bright Mortgage Co., 1991 OK 121, n.5, 824 P.2d 1102 n.5. There, the Court distinguished recovery on a promissory note from cancellation of a promissory note. Only the former action included attorney fees.

¶17 Thus, Kemp Stone must show here that "all claims stated by the resident taxpayers in the written demand are determined in a court of competent jurisdiction to be frivolous." Kemp Stone has not shown that "all claims" are frivolous. In fact, the primary basis for the action and Taxpayers' demand appears well grounded in fact and law. When strictly construed, Section 373 does not contemplate separating claims against individual entities for a frivolous determination. Therefore, just as in Eagle Bluff, L.L.C. and Borst, Kemp Stone is not entitled to attorney fees.

¶18 Although the foregoing strict construction of Section 373 resolves the appeal, Kemp Stone maintains that the Taxpayers' lawsuit was frivolous as to Kemp Stone when brought and that inquiry would have revealed that it had nothing to do with their claims about the Project.[12] A plaintiff's attorney has a duty to investigate prior to filing the action. Navarro v. City of Riviera Beach, 192 F. Supp.3d 1353 (D.C. S.D. Fla. 2016.) The requirement is to conduct a reasonable inquiry. State ex rel. Tal v. City of Oklahoma City, 2002 OK 97, ¶ 17, 61 P.3d 234, 244. Here, counsel did investigate before the lawsuit was filed and had supporting information from City's CFO and from the State Auditor and Inspector.[13]

When faced with deciding if sanctions should be imposed under § 2011, a court must view the matter through the eyes of a competent attorney who is advocating the claim of his/her client(s). An objective test is used to decide if a competent lawyer could make a reasonable argument supporting the legal theory advanced but the test is not whether the argument, claim or defense being presented is ultimately successful.

State ex. rel. Tal, 2002 OK 97 ¶ 18, 61 P.3d at 244-45 (citing Hammonds v. Osteopathic Hosp. Founders Ass'n, 1996 OK 100, 934 P.2d 319, 322-23).

¶19 However, the question is not whether Taxpayers would have prevailed in their action against Kemp Stone.[14] Broadwater, 1991 OK 39 ¶ 7, 809 P.2d at 1312 (citations omitted) ("Sustaining a demurrer to the evidence does not mean that the trial court found the lawsuit not well grounded in fact; only that the evidence presented does not create a prima facie case of the theory of law upon which the claim is based.") Merely because a case might have a small chance of success does not make it frivolous. Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1578 (Fed. Cir. 1991). The Finch Court observed that an appeal, when filed, might not be frivolous but it can become so as argued. The analogy is that a lawsuit, when filed, might not be frivolous, but could become so in light of subsequent proceedings. In Hammonds, the Court emphasized that the focus must be on the existing circumstances, not on what might transpire later.

The appropriateness of sanctions depends on the pre-filing conduct by counsel who signed the critical document. That conduct must be tested by a standard of objective reasonableness under the then-existing circumstances.

Hammonds, 1996 OK 100 ¶ 8, 934 P.2d at 323.

¶20 Kemp Stone has not established that the action was frivolous when filed. The trial court did not err by denying Kemp Stone's request for attorney fees.

CONCLUSION

¶21 The qui tam statute, 62 O.S.2011, § 373, authorizes attorney fees when "all claims" are determined to be frivolous. As an exception to the American Rule, this statutory authorization is strictly construed. Here, Kemp Stone claims that the action against it was frivolous. However, Kemp Stone did not demonstrate that "all claims" of Taxpayers were frivolous and, in fact, the rest of Taxpayers' claims were not frivolous. The failure to demonstrate that "all claims" were frivolous is fatal to Kemp Stone's application for attorney fees.

¶22 Moreover, when viewed objectively at the time the lawsuit was filed, the inclusion of Kemp Stone was not frivolous. Taxpayers' counsel's investigation revealed information showing that Kemp Stone was a bidder and was paid for work or materials on the Project. The fact that discovery in the litigation produced evidence showing that Taxpayers would not prevail as to Kemp Stone is not a basis to decide that the case was frivolous when filed.

¶23 The trial court did not err by denying Kemp Stone's request for attorney fee. The judgment is affirmed.

¶24 AFFIRMED.

FISCHER, P.J., and GOODMAN, J., concur.

FOOTNOTES

[1] A qui tam action is a statutory action which places taxpayers in the position of a representative of the public to recover based upon the commission or omission of action by a public authority. 62 O.S.2011, §§ 372, 373; State ex rel. Fent v. State ex rel. Oklahoma Water Resources Board, 2003 OK 29, n.1, 66 P.3d 432, n.1.

[2] At the hearing, Kemp Stone limited the legal basis for its claim to whether the action was frivolous when filed. 62 O.S.2011, § 373 provides, in part:

If all claims stated by the resident taxpayers in the written demand are determined in a court of competent jurisdiction to be frivolous, the resident taxpayers who signed such demand and who are parties to the lawsuit in which such claims are determined to be frivolous shall be jointly and severally liable for all reasonable attorney fees and court costs incurred by any public officer or officers or any other person alleged in such demand to have paid out, transferred, or received any money or property belonging to the state, or such county, city, town or school district in pursuance of any alleged unauthorized, unlawful, fraudulent, or void claim paid or contract or conveyance made, or attempted to be made, by such officer or officers.

Kemp Stone also cited 12 O.S. Supp. 2016, § 2011 and 12 O.S.2011, § 941. These two statutes provide for attorney fees under the circumstances covered by each statute.

[3] The proceedings included an appeal of a certified question. Kemp Stone joined the appeal.

[4] Record, p. 1.

[5] Record, p. 595, at 598.

[6] Record, p. 578.

[7] Record, p. 800.

[8] Record, p. 1063.

[9] Record, p. 1155.

[10] Kemp Stone maintains that the affidavit is hearsay and should not be considered.

[11] The case of State ex rel. Tal v. City of Oklahoma City, 2002 OK 97, 61 P.3d 234, involved a qui tam action and a frivolous claim pursuant to 12 O.S.2001, § 2011. At that time the qui tam statute, 62 O.S.2001, § 373, did not have a frivolous provision.

[12] It appears to be undisputed that Kemp Stone was not a bidder or contractor under the Project nor was it paid more than $50,000.00 for work or materials for the Project.

[13] Kemp Stone argues that Taxpayers' counsel's affidavit should not be considered because it is hearsay. Taxpayers' counsel's affidavit is not hearsay. Its function was to show what the affiant counsel did. The affidavit was not used for the purpose of proving the truth of any statements made to him.

[14] Here, Taxpayers dismissed Kemp Stone after City responded to discovery and admitted that Kemp Stone was not a bidder or awarded a bid on the Project (but City did not amend its formal Answer to the contrary).






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1991 OK 39, 809 P.2d 1310, 62 OBJ 1311, Broadwater v. Courtney
Discussed at Length
 1991 OK 117, 820 P.2d 812, 62 OBJ 3481, Beard v. Richards
Discussed
 1991 OK 121, 824 P.2d 1102, 62 OBJ 3592, Borst v. Bright Mortg. Co.
Discussed
 2001 OK 25, 21 P.3d 48, 72 OBJ 827, MEADOWS v. WAL-MART STORES, INC.
Discussed
 2002 OK 60, 52 P.3d 1014, MYERS v. MISSOURI PACIFIC RAILROAD CO.
Discussed
 2002 OK 97, 61 P.3d 234, STATE ex rel. TAL v. CITY OF OKLAHOMA CITY
Discussed at Length
 2003 OK 29, 66 P.3d 432, STATE ex rel. FENT v. STATE ex rel. OKLAHOMA WATER RESOURCES BOARD
Discussed
 1996 OK 100, 934 P.2d 319, 67 OBJ 2800, Hammonds v. Osteopathic Hospital Founders Association
Discussed at Length
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 2010 OK 47, 237 P.3d 173, EAGLE BLUFF, L.L.C. v. TAYLOR
Discussed
 2011 OK 105, 268 P.3d 72, JONES v. STATE ex rel. OFFICE OF JUVENILE AFFAIRS
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2011, Signing of Pleadings
Discussed at Length
 12 O.S. 941, Actions by State Agencies - Attorney Fees
Cited
Title 23. Damages
 Cite
Name
Level

 23 O.S. 103, Claim or Defense Asserted in Bad Faith - Order Reimbursing Nonprevailing Party Costs and Fees
Cited
Title 62. Public Finance
 Cite
Name
Level

 62 O.S. 372, Fraudulent Claims - Liability of Public Officers
Cited
 62 O.S. 373, Taxpayer May Institute Suit on Failure of Officers
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA