2001 OK 25

### Mark Keith MEADOWS, Plaintiff/Appellant,

v.

WAL–MART STORES, INC., a Delaware Corporation; Kenith J. Gill, Individually and as Assistant Manager for Wal–Mart Stores, Inc.; Robert A. Lagrone, Individually and as Security Guard for Wal–Mart Stores, Inc.; Elite Security Service, an Oklahoma Corporation; John Doe, individually and as an employee of Wal–Mart Stores, Inc., Defendants/Appellees.

No. 94,316.

Supreme Court of Oklahoma.

March 13, 2001.

Barry W. Johnson, Barry W. Johnson, P.C. & Frederick W. Southern, Jr., Oklahoma City, for Plaintiff/Appellant.

Michael W. Brewer, Hiltgen and Brewer, Oklahoma City, for Defendants/Appellees.

BOUDREAU, Justice.

¶ 1 The controversy arose out of an incident in which Meadows attempted to return some merchandise to a Wal–Mart store with a friend. When store officials refused to allow Meadows to return the merchandise, he became angry. The situation soon escalated with store managers and security using force against Meadows, who was then ultimately arrested for trespass by the Midwest City Police Department. Meadows was released several hours later and the charges were eventually dropped.

¶ 2 Meadows subsequently filed a lawsuit against Wal–Mart Stores, Inc., two Wal–Mart employees, Wal–Mart's security company and a security guard (collectively Walmart or Wal–Mart Defendants) for defamation, assault and battery and malicious prosecution. During the course of the pretrial discovery, Meadows requested that the Wal–Mart Defendants admit the truth of several matters. Wal–Mart denied each of the requests tendered by Meadows. Meadows presented his claims to a jury in September 1999. Meadows prevailed on the defamation and assault and battery claims, while Wal–

Mart prevailed on the malicious prosecution claim.

¶ 3 In a post-trial motion, Meadows sought attorney fees pursuant to (1) 12 O.S.1991, § 3236 & 12 O.S. Supp.1996, § 3237(D), contending the Wal–Mart Defendants improperly refused to admit the matters that were the subject of his discovery requests and (2) 12 O.S.1991, § 103, contending that Wal–Mart asserted positions and defenses not well grounded in fact. The Wal–Mart Defendants countered that they had reasonable grounds to believe they might prevail on the matters that were the subject of Meadows' requests for admissions and he was not entitled to a fee under § 3237(D)(3). They also denied that any of their defenses were not well grounded in fact, contrary to 23 O.S.1991, § 103. The trial court denied Meadows' motion for attorney fees.

¶ 4 Meadows appealed the fee denial. He filed a motion to retain asking the Supreme Court to determine that because he prevailed at trial, § 3237(D) imposed a mandatory duty upon the trial court to award him his reasonable expenses, including reasonable attorney fees occasioned by the improper denials. This Court retained this appeal to consider the third exception to the mandatory sanction requirement of § 3237(D)—Did the Wal–Mart Defendants have reasonable grounds to believe they might prevail on the matters contained in the requests for admission?

### I. STANDARD OF REVIEW

¶ 5 Section 3237 vests the trial court with discretion to impose sanctions for failure to comply with discovery. *Skinner v. John Deere Ins., Co.*, 2000 OK 18, ¶ 24, 998 P.2d 1219, 1224. This Court can review the trial court's decision regarding § 3237 sanctions to determine if that discretion was abused. *Id.* "The party objecting to the trial court's decision regarding the imposition of sanctions has the burden of showing that the trial court abused its discretion." *Id.* A finding of abuse requires that the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. *CNA Ins. Co. v. Krueger, Inc.*, 1997 OK 142, 949 P.2d 676; *Green Bay Packaging, Inc. v.*

*Preferred Packaging, Inc., et al.*, 1996 OK 121, 932 P.2d 1091, 1097; *Oklahoma Turnpike Auth. v. Asher*, 1993 OK 136, 863 P.2d 1205, 1207; *First National Bank and Trust Co. of Vinita v. Kissee*, 1993 OK 96, 859 P.2d 502, 513; *Broadwater v. Courtney*, 1991 OK 39, 809 P.2d 1310, 1312.

## II. REQUESTS FOR ADMISSION

¶ 6 Title 12 O.S.1991 § 3236 addresses requests for admissions, a discovery mechanism whereby parties, in appropriate instances, may obtain (a) an admission from an opposing party, (b) a specific denial, or (c) a detailed statement of the reasons why the answering party cannot truthfully admit or deny the question posed.[1] Unlike other forms of discovery, requests to admit involve primarily the elimination of undisputed matters, rather than the ascertainment of facts or the preservation of testimony for trial. The function of the § 3236 procedure is to promote admissions by action of the parties, and without the need for judicial intervention. *Champlin v. Oklahoma Furniture Mfg. Co.*, 324 F.2d 74, 76 (10 Cir.1963); *Wigler v. Electronic Data Sys. Corp.*, 108 F.R.D. 204, 206 (D.C.Md.1985); *Hurt v. Coyne Cylinder Co.*, 124 F.R.D. 614, 614–15 (W.D.Tenn. 1989); *Unit Petroleum Co. v. Nuex Corp.*, 1991 OK 21, 807 P.2d 251 (may use federal interpretation as guide when state law is based on federal counterpart); *Warner v. Hillcrest Medical Ctr.*, 1995 OK CIV APP

1. 12 O.S.1991, § 3236(A) reads as follows:

A. Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Section 3226 of this title set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of the documents shall be served with the request for admission unless they have been or are otherwise furnished or made available for inspection and copying. The request may, without leave of the court, be served upon the plaintiff after commencement of the action and upon any other party with the summons and petition or after service of the summons and petition upon that party. The number of requests for admissions for each party is limited to thirty. No further requests for admission will be served unless authorized by the court. If counsel for a party believes that more than thirty requests for admissions are necessary, he shall consult with opposing counsel promptly and attempt to reach a written stipulation as to a reasonable number of additional requests for admissions. Counsel are expected to comply with this requirement in good faith. In the event a written stipulation cannot be agreed upon, the party seeking to submit such additional requests for admissions shall file a motion with the court (1) showing that counsel have conferred in good faith but sincere attempts to resolve the issue have been unavailing, (2) showing reasons establishing good cause for their use, and (3) setting forth the proposed additional requests.

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by this attorney, but unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five (45) days after service of the summons and petition upon him.

If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; he may, subject to the provisions of subsection D of Section 3237 of this title, deny the matter or set forth reasons why he cannot admit or deny it.

The party who has requested the admission may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this section, it may order either that the matter is admitted or that an amended answer be served.

The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of paragraph 4 of subsection A of Section 3237 of this title apply to the award of expenses incurred in relation to the motion.

123, 914 P.2d 1060, 1064 (may use federal interpretation as guide when state law is based on federal counterpart).

■ ¶ 7 The vital force behind the admissions procedure is its sanction. A litigant who improperly refuses to admit a matter may be required to pay the costs incurred by the other party, including attorney fees, in proving the substance of the admission sought.[2] The sanction is designed to compensate the requesting party for the unnecessary expense of proving the matter and to deter misconduct. *Payne v. DeWitt,* 1999 OK 93, 995 P.2d 1088, 1092 n. 7. While other discovery infractions carry an array of sanctions that penalize the noncomplying party, payment of expenses and attorney fees is the sole sanction for improper failure to admit.[3]

¶ 8 A trial judge must issue an order granting attorney fees and expenses, compensating a litigant for making the proof when an opposing party improperly refuses to admit a matter, unless an exception applies. Section 3237(D) provides four exceptions which protect a party from having to pay expenses and attorney fees for failure to admit, even though the admission sought may later be proven at trial. The statute allows a party to establish (a) the request was objectionable; (b) the admission was of no substantial importance; (c) the denying party has reason to believe he might prevail on the matter; (d) there is other good reason.

## III. ANALYSIS

### A. DEFAMATION CLAIM

■ ¶ 9 Meadows submitted requests for admission, in part, asking Kenith Gill, a Wal-Mart assistant manager, to admit the following:

> Admission # 1: Admit that you accused Plaintiff of having stolen the merchandise he was attempting to exchange, and that your statements were made in the presence and hearing of several store customers.[4]
>
> Admission # 3: Admit that you told the police upon their arrival that the merchan-

---

**2.** 12 O.S. Supp.1996, § 3237(D) reads as follows:

EXPENSES ON FAILURE TO ADMIT. If a party fails to admit the genuineness of any document or the truth of any matter as requested under Section 3236 of this title, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that:
1. The request was held objectionable pursuant to subsection C of Section 3236 of this title; or
2. The admission sought was of no substantial importance; or
3. The party failing to admit had reasonable ground to believe that he might prevail on the matter; or
4. There was other good reason for the failure to admit.

**3.** 12 O.S. Supp.1996, § 3237(B)(2)(a)-(f) reads as follows:

B. FAILURE TO COMPLY WITH ORDER....
2. SANCTION BY COURT IN WHICH ACTION IS PENDING: ...
a. An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order,
b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence,
c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party,
d. In lieu of or in addition to the orders provided for in subparagraphs a through c of this paragraph, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination,
e. Where a party has failed to comply with an order under subsection A of Section 3235 of this title requiring him to produce another for examination, such orders as are listed in subparagraphs a, b, and c of this paragraph unless the party failing to comply shows that he is unable to produce such person for examination,
f. If a person, not a party, fails to obey an order entered under subsection C of Section 3234 of this title, the court may treat the failure to obey the order as contempt of court.

**4.** The requests in controversy with regard to Defendant, Gill, were originally numbered 1, 3 and 6 within the original document requesting the admissions. The requests in controversy with regard to LaGrone were originally numbered 1, 2 and 4.

dise Plaintiff was attempting to exchange was stolen. If you do not so admit, then state with specificity your reasons for not so admitting.

Admission # 6: Admit that you called Plaintiff a "nigger". If your answer is that you did not, state who did. If you do not so admit, then state with specificity your reasons for not so admitting.

Gill unequivocally denied each request.

¶ 10 Meadows served essentially the same admissions upon Robert LaGrone, a security guard, but instead of the first admission, LaGrone was asked the following:

Admission # 2: Admit that you told the police upon their arrival that Plaintiff was trespassing. If you do not so admit, then state with specificity your reasons for not so admitting.

LaGrone also denied each request.

¶ 11 Meadows argues that the Wal–Mart Defendants improperly failed to admit the matters contained in these requests. Meadows contends that Wal–Mart simply lied under oath in hopes that a jury might later find in its favor. Most significantly, Meadows argues the fact he prevailed at trial on the defamation claim demonstrates that the Wal–Mart Defendants' refusal to admit was improper.

■ ¶ 12 The Wal–Mart Defendants argue § 3237(D) sanctions should not have been imposed because they had reasonable grounds to believe they might prevail on the matter. They note accurately that "the true test under [this section] is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Advisory Committee Note to 1970 amendments of Rule 37(c), 48 F.R.D. 538, 541. They contend certain testimony in the trial transcript provides reasonable grounds to support their denials.

¶ 13 Our review of the record on appeal indicates that the trial court did not abuse its discretion when it concluded the Wal–Mart Defendants acted reasonably in believing that they might prevail on the matters which were the subject of the requests. First, Gill and LaGrone both testified consistently with one another, both denying Meadows was

called a thief in the presence of customers, store personnel or the police. In addition, Meadows' own witness, Cotis Wilson, said he heard Gill call Meadows a thief, but upon cross-examination Mr. Wilson admitted he was unsure of the particular words used to accuse Meadows. Wal–Mart correctly asserts it had a right to stand behind the testimony of its employees on this issue and allow the jury to weigh the conflicting testimony.

¶ 14 Meadows presented two witnesses in addition to himself who testified that Wal–Mart personnel directed a racial expletive at him during the course of this altercation. However, in addition to both Gill and LaGrone denying use of the word, Meadows' own witness, Cotis Wilson, testified that he did not hear any racially derogatory terms used during the encounter. Also, Hazel Comas, another one of Meadows' witnesses, testified in great detail about Wal–Mart personnel's physical treatment of Meadows throughout the encounter, but never mentioned hearing any racially-charged words. Accordingly, the record supports the Wal–Mart Defendants' assertion they had a reasonable belief they might prevail on this issue.

¶ 15 We conclude that the trial court did not abuse its discretion when it determined that an exception applied under § 3237(D), that the Wal–Mart Defendants acted reasonably in believing they might prevail on the matters contained in these requests. Accordingly, the trial judge was not required to issue an order awarding reasonable expenses, including attorney fees, under § 3237(D).

## B. MALICIOUS PROSECUTION

■ ¶ 16 The requests for admission which relate to the malicious prosecution claim are those in which Meadows asked Gill to admit that he told the police Meadows was stealing and asked LaGrone to admit that he told police Meadows was stealing and trespassing. A party requesting an admission must thereafter prove the truth of the matter before the party is entitled to the reasonable expenses incurred in making the proof. As

the Wal–Mart Defendants prevailed on the malicious prosecution claim, the trial court apparently could not determine that Meadows proved the truth of the matters contained in these requests. Accordingly, the court did not abuse its discretion in denying attorney fees for the Wal–Mart Defendants' failure to admit the requests.[5]

## IV. CLAIMS ASSERTED TO BE NOT WELL GROUNDED IN FACT

¶ 17 Meadows also makes a request for fees under 23 O.S.1991, § 103, for claims not well grounded in fact.[6] The trial court's decision regarding attorney fees under § 103, just as its decisions under § 3237(D), will not be overturned absent an abuse of discretion. *Broadwater v. Courtney,* 809 P.2d at 1312; *First National Bank of Vinita v. Kissee,* 859 P.2d at 512.

¶ 18 Meadows asserts that Wal–Mart took two unfounded and unsupported positions at trial that were not grounded in fact. Those positions as set out by Meadows are:

1.  Wal–Mart personnel did not commit any assault or battery upon Plaintiff and Plaintiff committed an assault and battery upon the Wal–Mart personnel.
2.  Wal–Mart did not defame Plaintiff by using a racial expletive or calling Plaintiff a thief.

¶ 19 With regard to the assault and battery claim, LaGrone testified that Meadows, angered by the store's refusal to exchange his merchandise, was the first to swing at Gill and that Gill, in response, put his arms around Meadows to pin his arms to his side. Gill testified that he believed Meadows was trying to hurt him and for that reason he tried to hold Meadows in place. Gill did not claim Meadows actually hit him first. Not surprisingly, Meadows offered a great deal of testimony suggesting that the Wal–Mart Defendants were the aggressors and Meadows did nothing physically to provoke this altercation.

¶ 20 Under § 103 the trial court must "review the record and reconsider the merit of the nonprevailing claim or defense within the confines of § 103." *See Beard v. Richards,* 1991 OK 117, 820 P.2d 812, 816. To award sanctions under this section the trial court must find "that the claim or defense was frivolous based on one of the four reasons set out in the statute." *Id.* The testimony of LaGrone and Gill provides evidence, which if combined with reasonable inferences to be drawn therefrom, and if unrebutted, establishes the facts essential to Wal–Mart's assertion that Meadows began this altercation. The fact that a jury ultimately did not view Meadows as the aggressor does not mean that Wal–Mart asserted a frivolous position not grounded in fact.

¶ 21 The § 103 test compels the same result with respect to the defamation defense. As stated throughout this opinion, the Wal–Mart Defendants offered evidence, primarily in the form of Gill and LaGrone's testimony, to support their position that Wal–Mart personnel did not use a racial expletive or call Meadows a thief. The trial court was correct in denying Meadows' motion for attorney's fees under 12 O.S.1991, § 103.

## V. CONCLUSION

¶ 22 A party may refuse to admit a 12 O.S.1991, § 3236 request for admission and avoid the sanction under 12 O.S. Supp.1996, § 3237(D), if the party has grounds to believe that he might prevail on the matter.

---

5.  None of the six requests for admission at issue relate to Meadows' assault and battery claim and for this reason the Court will not separately address that claim in the context of 12 O.S. Supp.1996, § 3237.

6.  12 O.S.1991, § 103 reads as follows:
    In any action for damages for personal injury except injury resulting in death, or in any action for damages to personal rights the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a nonprevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such nonprevailing party to reimburse the prevailing party an amount not to exceed Ten Thousand Dollars ($10,000.00) for reasonable costs, including attorneys fees, incurred with respect to such claim or defense.

The test under § 3237(D) is not whether the party prevailed at trial but whether he acted reasonably in believing he might prevail. The trial court did not abuse its discretion in concluding that the Wal–Mart Defendants reasonably believed they might prevail and accordingly denied Meadows' request for expenses, including attorney fees.

¶ 23 Similarly, the fact that Meadows prevailed on two claims does not establish that Wal–Mart's defenses of the claims were not well grounded in fact.   Under 23 O.S.1991, § 103 the court must review the record and determine whether the claim or defense was frivolous based upon one of the four reasons set out in the statute.   When evaluated in that light, the trial court did not abuse its discretion in denying fees.

¶ 24 TRIAL COURT'S DENIAL OF PLAINTIFF'S MOTION TO TAX COSTS AND AWARD OF ATTORNEY'S FEES IS AFFIRMED.

¶ 25 ALL JUSTICES CONCUR.