2005 OK CIV APP 109

**BLUE TEE CORP., d/b/a GEFCO,
Plaintiff/Appellee,**

v.

**PAYNE WELL DRILLING, INC.,
a Virginia Corporation,
Defendant/Appellant.**

**No. 100,448.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

July 25, 2005.

Rehearing Denied Sept. 9, 2005.

Certiorari Denied Dec. 5, 2005.

Brian N. Lovell, Crowley, Martin & Lovell, Enid, OK, for Appellant.

Conner L. Helms, Rachel K. McCombs, Helms & Underwood, Oklahoma City, OK, for Appellee.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Defendant/Appellant Payne Well Drilling, Inc., a Virginia Corporation (Defendant/Payne Well), seeks review of the trial court's order granting default judgment against it on motion of Plaintiff/Appellee Blue Tee Corp., d/b/a GEFCO (Plaintiff/GEFCO). Defendant contends that because the trial court did not have the legal power to compel the attendance of non-resident witnesses to give testimony in Oklahoma, it was an abuse of discretion to enter default judgment based upon violation of such orders. Plaintiff contends the discovery orders were valid and failure to abide by them warranted imposing the sanction of default judgment. Based upon the record before us, we reverse.

¶ 2 In March 2002, the parties entered an agreement for the construction of a drilling rig. Plaintiff delivered a rig to Defendant but Defendant alleged it was defective and refused to pay. Plaintiff repossessed the rig and sold it to another party. Plaintiff subsequently sued Defendant for breach of contract and fraud.

¶ 3 In response to Plaintiff's discovery requests, Defendant identified seven individuals with knowledge and information about the agreement. In June 2003, Plaintiff sent Notices of depositions to be held in Oklahoma for these witnesses, *none of whom were residents of Oklahoma.* After allegedly agreeing, Defendant informed Plaintiff that it would not comply with the Notices.

¶ 4 Plaintiff filed a Motion for Sanctions for Defendant's failure to comply with the Notices. The trial court granted Plaintiff's motion and ordered Defendant to produce the non-resident witnesses for deposition in Oklahoma.[1] Defendant produced one non-resident witness, a corporate officer, for deposition in Oklahoma but did not produce any of the other witnesses.

¶ 5 Plaintiff filed additional motions for sanctions based upon the failure of Defendant to produce the other non-resident witnesses for deposition in Oklahoma. The court again entered an order directing Defendant to produce non-resident witnesses in Oklahoma for deposition. The court ordered Defendant to produce the witnesses "as soon as possible" or face the sanction of default judgement.[2]

---

1. The order contains the following language: "... 3. In its Motion for Sanctions, Plaintiff requests the Court enter a default judgment in its favor. The Court denies Plaintiff's Motion for default judgment but finds that sanctions are appropriate and that the Defendant, its experts and witnesses are to appear in Oklahoma for depositions on the following dates ..."

2. The second order contains the following language: "... In its Motion for Sanctions, Plaintiff

¶ 6 Defendant did not produce any additional witnesses for deposition in Oklahoma. Plaintiff filed a Motion for Default Judgment which the trial court granted, dismissing Defendant's counterclaims, and set a hearing date to determine damages, costs and attorney fees. After an evidentiary hearing, the trial court entered Judgment and awarded actual damages, interest, costs and attorney fees of about $200,000.00. Defendant filed a Motion for New Trial which the trial court denied.

¶ 7 The standard of review on appeal of a ruling imposing "sanctions under § 3237 is to be gauged by an abuse-of-discretion standard." *Payne v. Dewitt*, 1999 OK 93, ¶ 9, 995 P.2d 1088, 1093. The party objecting to the decision to impose sanctions has the burden of showing that "the trial court made a clearly erroneous conclusion and judgment, against reason and evidence." *Meadows v. Wal–Mart Stores, Inc.*, 2001 OK 25, ¶ 5, 21 P.3d 48, 49. Likewise, when reviewing a ruling on a motion for new trial, the abuse of discretion standard of review is applied. *Mooney v. Mooney*, 2003 OK 51, ¶ 50, 70 P.3d 872, 881.

¶ 8 Witnesses, who are not parties, may be deposed "only in the county of his or her residence, a county adjoining the county of his or her residence or the county where he or she is located when the subpoena is served." 12 O.S.Supp.2002 § 3230(B)(1). Non-resident witnesses who are not parties accordingly can be deposed in Oklahoma only in a county where located when served with a subpoena. In the present case, the non-resident non-party witnesses were not served with a subpoena while in Oklahoma and accordingly were not subject to deposition in Oklahoma under § 3230(B)(1).

¶ 9 Plaintiff argues that a sanction order requiring Defendant to produce the noticed non-resident witness for deposition in Oklahoma was warranted because Defendant allegedly agreed to produce the witnesses and because Defendant had control over them, all employees, experts or officers of Defendant. In *State ex rel. Common v. Darnold*, 120 S.W.3d 788 (Mo.App.2003) the Court held an order requiring a party to produce an "out-of-state" non-party witness (an expert and a relative) for deposition in the state where the litigation was pending was not authorized:

> ... There is nothing in the record to indicate that Plaintiffs have the ability to require Ketterlin to appear in Kansas City for his deposition. Even though Common is Ketterlin's sister, she has no legal way of compelling him to appear in this state ... The trial court has, in the guise of a sanction, effectively ordered Plaintiffs to produce Ketterlin in Missouri, although they have no legal means to require that attendance in order to comply with the order.

¶ 10 In the present case, while Defendant may have had some leverage or bargaining power over the non-resident witnesses, Defendant had no legal means to compel the non-resident witnesses to come to Oklahoma to give testimony in compliance with the orders. Nor did the court have the power to require Defendant to produce these non-resident non-party witnesses for deposition in Oklahoma. The "subpoena powers of Oklahoma courts stop at the state line." *Lovett v. Wal–Mart Stores, Inc.*, 2001 OK CIV APP 9, ¶ 12, 18 P.3d 387, 389.

¶ 11 Plaintiff argues that sanctions were appropriate because the Defendant failed to produce *at the least* the fact witnesses who were corporate officers.[3] Plaintiffs cite 12 O.S. § 3237(B)(2) arguing a court may enter a default judgment if an officer of a party fails to obey an order to provide or permit discovery.

¶ 12 However, when the defendant corporation does not designate an officer as a

requested the Court enter a default judgment in its favor. The Court denies Plaintiff's Motion for default judgment at this time but warns Defendant that further failure to cooperate with discovery will result in default judgment ... 3.... The following witnesses are ordered to appear in Oklahoma for deposition as soon as possible: ..."

3. Of the seven fact witnesses identified by the Defendant as having knowledge about the agreement, three were corporate officers. The vice-president was produced for deposition in Oklahoma, but the two remaining officers were not.

corporate representative under 12 O.S. § 3230(C)(5), the officer may be personally deposed only through procedures recognized in the Oklahoma Discovery Code. 12 O.S. § 3230(C)(5). The officers in issue were *not* designated by Defendant, so Plaintiff could only take their depositions by complying with procedures applicable to non-residents. Plaintiff noticed Defendant that it would take the depositions of named non-resident officers in Oklahoma but Plaintiff did not serve them with a subpoena while in Oklahoma, and therefore, they could not be compelled to testify in Oklahoma. Sanctions cannot be imposed for failure to produce witnesses for deposition when the notice, or order, does not comply with the Oklahoma Discovery Code. *See Craft v. Chopra,* 1995 OK CIV APP 135, ¶ 7, 907 P.2d 1109, 1112.

¶ 13 A trial court has "a broad spectrum of sanctions for abuse of the discovery process" and may "sanction a disobedient party by dismissal of its claim or by a default judgment." *Payne,* ¶ 8, ¶ 9 at 1092, 1093; 12 O.S.Supp.2002 § 3237(B)(2)(c). However, such "draconian penalties should be applied only when a party's failure to comply with a discovery order is occasioned by fault, willfulness, or bad faith." *Payne,* ¶ 9 at 1093. In the present case, Defendant cannot be faulted for the failure of these non-resident witnesses to appear for deposition in Oklahoma because no legal authority existed to require such attendance.

¶ 14 The order of the trial court is REVERSED.

HANSEN, J., and BUETTNER, C.J., concur.