2007 OK CIV APP 69

**DISCOVER BANK (DISCOVER CARD) by SA DISCOVER FIN. SERV. LLC, Plaintiff/Appellee,**

v.

**James GARDNER, Defendant/Appellant.**

**No. 104,181.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 27, 2007.

As Corrected June 29, 2007.

it had previously entered an order overruling Gardner's objections to certain of Discover Card's Interrogatories and Requests for Production and Compelling Answers to Discovery and that Gardner had failed and refused to comply with the Court's order. As a result, the court ordered judgment entered in favor of Discover Card. We affirm.

¶2 Title 12 O.S.2001 § 3237 **Failure to Make or Cooperate in Discovery; Sanctions,** states, in part:

B. FAILURE TO COMPLY WITH ORDER

2. SANCTIONS BY COURT IN WHICH ACTION IS PENDING. If a party or an officer, director or managing agent of a party or a person designated under paragraph 6 of subsection C of Section 3230 or subsection A of Section 3231 of this title to testify of behalf of a party fails to obey an order to provide or permit discovery, including an order made under subsection A of this section or Section 3235 of this title, or if a party fails to obey an order entered under subsection F of Section 3226 of this title, the court in which the action is pending may make such orders in regard to the failure as are just. Such orders may include the following:

\* \* \*

c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party, . . . .

Stephen L. Bruce, Richard S. Winblad, Brandi Dotson, and M. Brooke Holman, Edmond, OK, for Plaintiff/Appellee.

James Gardner, pro se, Duncan, OK, for Defendant/Appellant.

KENNETH L. BUETTNER, Judge.

¶1 Plaintiff/Appellee Discover Bank (Discover Card) filed a Motion for Judgment pursuant to 12 O.S. § 3237(B)(2)(c) alleging Defendant/Appellant James Gardner (Gardner) had failed to comply with discovery. On December 8, 2006, the trial court found that

¶3 When a trial court sanctions a party for disobeying discovery orders by default judgment, that sanction is reviewed by this court for an abuse of discretion. *Payne v. Dewitt,* 1999 OK 93, 995 P.2d 1088. In coming to its determination, the trial court considers such factors as (1) the amount of prejudice the noncompliance has caused the moving party; (2) the extent of interference with the judicial process; (3) culpability of the litigant; (4) whether the court warned the party that noncompliance could lead to dismissal or default judgment; and (5) the efficacy of lesser sanctions. *Id.* at ¶8, p.

1092. "The party objecting to the decision to impose sanctions has the burden of showing that 'the trial court made a clearly erroneous conclusion and judgment, against reason and evidence.'" *Blue Tee Corp., d/b/a GEFCO v. Payne Well Drilling, Inc.,* 2005 OK CIV APP 109, ¶ 7, 125 P.3d 677, 679, citing *Meadows v. Wal–Mart Stores, Inc.,* 2001 OK 25, ¶ 5, 21 P.3d 48, 49.

¶ 4 Discover Card filed its petition January 24, 2006 alleging that Gardner entered into an agreement with Discover Card where Discover Card would extend a revolving line of credit to Gardner for cash advances or the purchase of goods and services and Gardner agreed to pay the account balance plus finance charges and other charges and fees in monthly installments. It further alleged that Gardner defaulted under the terms of the agreement and was indebted to Discover Card in the amount of $16,024.59. Discover Card prayed for judgment in the amount of the debt, interest, costs and attorney fees, among other relief. Gardner filed an Answer and Motion to Dismiss April 28, 2006 asserting, *inter alia,* that Discover Card lacked standing because it was a foreign corporation; failure to comply with the Fair Debt Collection Practices Act; and setting forth nine affirmative defenses, starting with "assumption of the risk." Discover Card filed its Response May 15, 2006 and, among other things, argued that Gardner's Answer and Motion to Dismiss was based on "debt eliminator" pleadings.

¶ 5 The record next reveals Gardner's Answers to Second Set of Requests for Admissions and Interrogatories, filed August 11, 2006:

Comes now the Defendant, James Gardner, and for cause, answers Plaintiff's requests as follows:

1. (Admission 8) Defendant objects to this request as it calls for a legal determination in the absence of an original document.

2. (Interrogatory 13) The objection stated previously is also asserted here.

3. (Admission 9) The objection stated previously is also asserted here.

4. (Admission 10) The objection stated previously is also asserted here.

5. (Admission 11) Defendant cannot be expected to know if copies submitted are genuine. The person making the copies will have to be questioned.

6. (Interrogatory 14) The previous answer shall also be asserted here.

7. (Admission 12) defendant objects to this request as it calls for a legal determination in the absence of an original document.

8. (Interrogatory 15) Defendant objects to this request as it calls for a legal determination in the absence of an original document.

9. (Request for Production 4) Objection. This information requested is privileged and would not lead to admissible evidence at trial. Additionally, the request is vague and overly burdensome.

¶ 6 Discover Card filed a Motion to Compel Discovery August 31, 2006 claiming Gardner's responses included frivolous objections and evasive answers. It attached its Second Set of Request for Admissions and Interrogatories to Defendant, a copy of his Discover Card application, copies of account statements, checks, and purchase charges signed by Gardner. The interrogatories requested that Gardner identify any inaccuracies in the account statements, any invoices that did not bear his signature, and any item on an invoice that he did not receive. There is an Order Compelling Discovery filed October 13, 2006 which recites that a hearing on the Motion was held that date and that Discover Card was present through its attorney and Gardner appeared *pro se.* The order directed Gardner to file answers to the interrogatories within 30 days of the mailing of the order. The effect of this order was to overrule Gardner's objections and require Gardner to file answers.

¶ 7 On November 3, 2006, Gardner filed his second Answers to Second Set of Requests for Admissions and Interrogatories. These responses mirror the first in evasiveness, but this time Gardner focuses on the need for a "wet ink" signature. We will only set forth a sample:

1. (Admission 8) I can neither admit nor deny this request. Absent the presence of

an original document with a "wet ink" signature, I cannot make a legal determination. Certification of any document purported to be a copy of an "original" can only be accomplished by deposition of the person(s) involved in making the "copy." 2. (Interrogatory 13). Since I can neither admit nor deny Admission 8, each and every entry on the purported statements can be certified as neither accurate nor inaccurate by me.

 ¶ 8 Alleging that Gardner failed to cooperate with Discover Card during discovery and had failed to comply with the trial court's order compelling answers to interrogatories, Discover Card filed a Motion for Judgment pursuant to 12 O.S.2001 § 3237(B)(2)(c) November 17, 2006. Gardner filed his Objection to the Motion with a Brief December 5, 2006.

¶ 9 The brief dealt with issues extraneous to Discover Card's motion for sanctions. A hearing was held December 8, 2006 after which the trial court found that Gardner had failed and refused to comply with the court's previous Order Compelling Answers to Discovery [1] and granted judgment in favor of Discover Card in the amount $16,024.59 plus pre-and post-judgment interest.

¶ 10 The facts in this case support affirmation of the trial court's order because Gardner did not carry his burden of showing that the trial court abused its discretion. This court requested briefs on that issue. Gardner's Brief In Chief did not address the issue of abuse of discretion, or whether some lesser sanction should have been imposed. Rather, he maintained that he was unable to comply because of the "best evidence rule." [2] This rule of evidence, however, under the facts of this case, does not impact the interrogatories that Gardner was ordered to answer. Discover Card provided account statements to Gardner and requested that he state whether the statements were accurate

and whether he received the items. His answers do not depend on whether the account statement was an original or a copy. The requested discovery went to the heart of the case. Gardner demonstrated on two occasions that he intended to thwart legitimate discovery.

¶ 11 The trial court did not abuse its discretion in this case by imposing the ultimate sanction of default judgment. AFFIRMED.

BELL, J., concurs, and ADAMS, J. (sitting by designation), concurs in result.

---

1. The sole penalty for an improper failure to admit is payment of expenses and attorney fees. *Meadows v. Wal–Mart Stores, Inc.,* 2001 OK 25, ¶ 7, 21 P.3d 48, 52. However, issuing an interrogatory asking for an explanation for the improper failure to admit subjects the person abusing discovery to the full panoply of sanctions.

2. Gardner's Brief In Chief on appeal raises the "best evidence rule" for the first time. Ordinarily, this would prevent consideration of the issue on appeal. However, because Gardner's first objection made a confusing reference to the need for "original" signature documents, we do not reject the appeal on this ground.