2009 OK CIV APP 11

STATE of Oklahoma ex rel., PROTECTIVE HEALTH SERVICES OF the OKLAHOMA STATE DEPARTMENT OF HEALTH, Plaintiff/Appellant,

v.

BILLINGS FAIRCHILD CENTER, INC., Defendant/Appellee.

No. 105,379.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 19, 2008.

Blake Marcus Bostick, Mary D. Womack, Department of Health, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Danny K. Shadid, Danny K. Shadid, P.C., and Carrie L. Burnsed, Nita R. Giles, Oklahoma City, OK, and Nikki G. Leach, Perry, OK, for Defendant/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 This action originated as an administrative proceeding before Plaintiff, the Oklahoma State Department of Health. During the administrative action, Plaintiff issued to Defendant, Billings Fairchild Center, Inc., interrogatories seeking information about Defendant's medical expert. Defendant did not completely answer certain interrogatories, stating it did not know the answers. Plaintiff filed, before an administrative law judge [ALJ], a motion to compel Defendant to provide complete answers to discovery. Defendant objected to the legal authority of an ALJ to entertain such a motion and challenged the applicability of the Oklahoma Discovery Code, [the Code] 12 O.S.2001 § 3224, *et seq.*, to administrative proceedings. The ALJ issued an order stating it did not have the authority to compel answers to the interrogatories.

¶ 2 Pursuant to 75 O.S.2001 § 315(C)(1), Plaintiff filed a petition in the district court to compel further discovery responses. The trial court entered two separate orders providing it had subject matter jurisdiction to entertain the petition and that the answers Defendant provided to the interrogatories were sufficient.

¶ 3 Plaintiff appealed the order in favor of Defendant in which the trial court found Defendant had answered sufficiently Plaintiff's discovery requests, and Defendant counter-appealed the trial court's decision finding it had subject matter jurisdiction. In *State ex rel. Protective Health Services v. Billings Fairchild Center, Inc.*, 2007 OK CIV APP 24, 158 P.3d 484 [*Billings I* ], the Court of Civil Appeals determined, among other things, the Code could apply in an administrative proceeding if an administrative agency adopted it as part of its procedures. It found Plaintiff had, in its rules, adopted the Code. Thus, resort to the district court for its enforcement power was available to Plaintiff. It also found Defendant's responses to the interrogatories were insufficient. It held the trial court erred in determining Defendant had sufficiently responded to the interrogatories. It reversed and remanded to the trial court that portion of the trial court's order for further proceedings. The trial court or-

dered Defendant to fully and responsively answer the subject interrogatories.

¶ 4 Following remand, Plaintiff filed an application for costs and attorney fees pursuant to 12 O.S.2001 § 3237(A)(2) and (4) seeking costs of $6.00 and attorney fees of $7,169.25. Section 3237(A)(4) provides:

> 4. AWARD OF EXPENSES OF MOTION. If the motion [to compel answers to interrogatories] is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

On November 2, 2007, the trial court granted Plaintiff's motion awarding $7,475.25 in costs and attorney fees to Plaintiff.

¶ 5 Defendant filed a motion for new trial and/or reconsideration. In its November 20, 2007, Journal Entry, the trial court granted Defendant's motion, stating, in part:

> ... [T]he Court should reconsider its judgment ... as to that part of the judgment wherein the Court found that the opposition to the Plaintiff's Motion to Compel was not substantially justified and there were no other circumstances that make an award of expenses unjust.
>
> Upon reconsideration, the Court finds that the opposition to Plaintiff's Motion to Compel compliance was substantially justified and there are circumstances that make an award of expenses unjust in that in the present case a judicial officer of the Department of Health found in favor of this defendant, that this was a case of first impression, that this Court's prior ruling initially furthered the Defendant's position.

Plaintiff appeals this Journal Entry granting Defendant's motion for reconsideration.

■ ¶ 6 Section 3237, failure to cooperate in discovery, vests the trial court with discretion to impose sanctions for failure to comply with discovery. The reviewing court can review the trial court's decision regarding § 3237 attorney fee sanctions to determine if that discretion was abused. *Brown v. Curtis*, 2003 OK CIV APP 47, 71 P.3d 34. A finding of abuse requires that the trial court made a clearly erroneous conclusion and judgment against reason and evidence. *Meadows v. Wal–Mart Stores, Inc.*, 2001 OK 25, 21 P.3d 48.[1]

■ ¶ 7 Plaintiff argues the trial court abused its discretion in basing its finding that Defendant's opposition to Plaintiff's motion to compel was substantially justified and there are circumstances making an award of expenses unjust on the three facts stated in the November 20, 2007, Journal Entry.

¶ 8 First, although the trial court found the ALJ found in favor of Defendant, Plaintiff argues the ALJ did not actually find in favor of Defendant because it did not rule on the merits of Plaintiff's motion to compel. Rather, the ALJ found administrative agencies do not have legal authority to entertain answers to interrogatories pursuant to 75 O.S. § 315.

1. In *Meadows,* the trial court denied the plaintiff's post-trial motion seeking attorney fees pursuant, in part to 12 O.S.1996 Supp. section 3237(D), which provided that if a party fails to admit the genuineness of any document or the truth of any matter as requested under section 3236 and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that:

    1. The request was held objectionable pursuant to subsection C of Section 3236, or
    2. The admission sought was of no substantial importance; or

    3. The party failing to admit, had reasonable ground to believe that he might prevail on the matter; or
    4. There was other good reason for the failure to admit.

The plaintiff appealed the fee denial, filing a motion to retain, asking the Supreme Court to determine that because he prevailed at trial, section 3237(D) imposed a mandatory duty upon the trial court to award him his reasonable expenses, including reasonable attorney fees occasioned by the improper denials. The Supreme Court retained the appeal to consider, using the abuse of discretion standard, the third exception to the mandatory sanction requirement of section 3237(D).

Moreover, in *Billings I*, the Court of Civil Appeals determined the ALJ's ruling was incorrect.

¶ 9 However, the ALJ did agree with Defendant's argument in determining it did not have the legal authority to entertain a motion to compel because the Code does not apply to administrative proceedings and because discovery in those proceedings is governed by the APA, which does not mention interrogatories.[2] Even though the Court of Civil Appeals ultimately disagreed with the ALJ's determination, the Court's decision is not relevant to the issue of substantial justification in opposing a motion to compel. The trial court did not abuse its discretion in determining Defendant's opposition to the motion to compel was substantially justified, in part, because the ALJ agreed with Defendant's above-stated argument.

¶ 10 Next, although the trial court found Defendant's opposition to the motion to compel was substantially justified and there were circumstances making an award of expenses unjust, in part, because this matter was one of first impression, Plaintiff complains the trial court abused its discretion in making this finding. It argues this matter is merely a discovery dispute, not a matter of first impression.

¶ 11 When Plaintiff filed its petition to compel in the district court, Defendant reiterated its argument in opposition to Plaintiff's motion to compel, an argument Defendant again furthered in its counter-appeal in *Billings I*. In determining Defendant's counter-appeal, the Court of Civil Appeals decided a state agency, which is authorized to promulgate rules governing procedures for individual proceedings, has the authority under 75 O.S. § 315(A) and the APA generally to provide for interrogatories as a discovery tool. The provision for use of interrogatories may be accomplished by adoption of the Code, thereby making the Code provisions a part of the agency's procedures. It found the Code was part of Plaintiff's rules by virtue of its rulemaking power.

¶ 12 Plaintiff even conceded the issue was a novel one which "... would pertain to the instant issue of the first time interpretation of an otherwise legitimate statute or provision." Because Defendant pursued this issue, which involves a novel question of law not governed by precedent, the trial court did not abuse its discretion in finding Defendant's opposition to the motion to compel was substantially justified.

¶ 13 Finally, although the trial court found Defendant's opposition to the motion to compel was substantially justified and there were circumstances making an award of expenses unjust because its prior ruling initially furthered Defendant's position, Plaintiff complains the trial court abused its discretion in so finding. Plaintiff points out the trial court's prior ruling determining Defendant's answers to the interrogatories were sufficient was reversed in *Billings I*. Thus, the trial court made an "illogical deduction" that its prior, incorrect ruling cannot be used to benefit Defendant.

¶ 14 Again, we disagree. Herein, the determining factors in granting or denying attorney fees are found in § 3237(A)(4) and its express exceptions. Section 3237(A)(4) controls the grant or denial of attorney fees with regards to a motion to compel, not the ultimate decision on appeal. Because the trial court's prior ruling supported Defendant's position that its answers to interrogatories were sufficient, we cannot say the finding that Defendant's opposition to the motion to compel was substantially justified was clearly erroneous and against all reason and evidence. As a result, the trial court did not abuse its discretion.

AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.

2. In *Billings I*, this Court found, "The ALJ agreed with [Defendant's] argument that the Discovery Code did not apply in administrative proceedings and that discovery in those proceedings was governed by ... the Administrative Procedures Act (APA), which does not mention interrogatories."